## UNITED STATES, on the relation of Chandler, *v.* COUNTY COMMISSIONERS OF DODGE COUNTY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

Submitted January 4th, 1884.—Decided January 21st, 1884.

*Internal Improvements—Municipal Bonds—Nebraska—Statutes—Tax.*

A wagon bridge across the Platte River is a work of internal improvement within the meaning of the statute of Nebraska of February 15th, 1869; and that statute makes it the duty of county commissioners to levy a tax on the taxable property within a precinct in whose behalf bonds have been issued under that statute to aid in constructing such a bridge, sufficient to pay the annual interest on the bonds, and without regard to any limit imposed by, or voted in accordance with chapter 9 of the Revised Statutes of 1866.

Petition for writ of mandamus; refused below, and brought up by writ of error.

*Mr. William H. Munger* for plaintiff in error.

*Mr. J. T. Newton, Mr. Lewis A. Groff,* and *Mr. C. S. Montgomery* for defendants in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This is a writ of error to reverse a judgment of the Circuit Court of the United States for the District of Nebraska, deny-

ing a peremptory writ of mandamus to command the county commissioners of the county of Dodge, in the State of Nebraska, to levy a special tax upon the taxable property within Fremont Precinct, a local subdivision of that county, to pay and satisfy two judgments obtained by the petitioner against the county, in that court, upon interest coupons attached to bonds issued by the county commissioners in behalf of the precinct on September 1st, 1871, under the statute of Nebraska of February 15th, 1869, for the purpose of building a wagon bridge across the Platte River in that precinct, and purchased by the petitioner in good faith in the usual course of business, and without notice of any defects or infirmities; each of which judgments provided that they should be paid by such a levy.

To an alternative writ of mandamus, alleging the facts above stated, the county commissioners filed an answer, alleging that the bonds, which were signed and sealed by the county commissioners, were in this form:

"UNITED STATES OF AMERICA, STATE OF NEBRASKA.

"It is hereby certified that Fremont Precinct, in the county of Dodge, in the State of Nebraska, is indebted unto the bearer in the sum of one thousand dollars, payable on or before twenty years after date, with interest at the rate of ten per cent. per annum from date. Interest payable annually on the presentation of the proper coupons hereunto annexed. Principal payable at the office of the county treasurer, in Fremont, Dodge County, Nebraska; interest payable at the Ocean National Bank, in the City of New York.

"This bond is one of a series issued in pursuance of and in accordance with a vote of the electors of said Fremont Precinct at a special election held on the eleventh day of November, A.D. 1870, at which time the following proposition was submitted:

"'Shall the county commissioners of Dodge County, Nebraska, issue their special bonds on Fremont Precinct, in said county, to the amount not to exceed fifty thousand dollars, to be expended and appropriated by the county commissioners, or as much thereof as is necessary, in building a wagon bridge across Platte River, in said precinct; said bonds to be made pay-

able on or before twenty years after date, bearing interest at the rate of ten per cent. per annum, payable annually ? ' Which proposition was duly elected, adopted, and accepted by a majority of the electors of said precinct voting in favor of the proposition.

"And whereas the Smith Bridge Company of Toledo, Ohio, have entered into a contract with said county commissioners to furnish the necessary materials and to build and construct said bridge referred to in the foregoing proposition :

"Therefore this bond, with others, is issued in pursuance thereof, as well as under the provisions of an act of the legislature of the State of Nebraska, approved February 15th, A. D. 1869, entitled 'An Act to enable counties, cities, and precincts to borrow money on their bonds or to issue bonds, to aid in the construction or completion of works of internal improvement in this State, and to legalize bonds already issued for such purposes.'

"In witness whereof, we, the said county commissioners of said Dodge County, have hereunto set our hands, this —— day of ——, A. D. 1871."

The answer further alleged that the proposition to vote the bonds, submitted to and voted upon by the voters of the precinct, contained a provision that the tax levied in any one year should not exceed one mill on a dollar of the valuation of the taxable property within the precinct, and was entered on the records of the county ; and that a tax of one mill had since been annually levied. A general demurrer to the answer was overruled by the Circuit Court, and judgment entered accordingly ; and thereupon this writ of error was sued out.

The decision of this case depends upon the peculiar provisions of the statutes of Nebraska, and an examination of those statutes leaves us in no doubt how it should be decided.

In the Revised Statutes of 1866, the ninth chapter, concerning county commissioners, contained the following provisions :

"Sect. 19. The said commissioners shall have power to submit to the people of the county, at any regular or special election, the question whether the county will borrow money to aid in the construction of public buildings, the question whether the county will aid or construct any road or bridge, or to submit to the people of

the county any question involving an extraordinary outlay of money by the county ; and said commissioners may aid any enter-. prise designed for the benefit of the county as aforesaid, whenever a majority of the people thereof shall be in favor of the proposition, as provided in this section.

" SECT. 20. When county warrants are at a depreciated value, the said commissioners may, in like manner, submit the question whether a tax of a higher rate than that provided by law shall be levied ; and in all cases when an additional tax is laid, in pur-suance of a vote of the people of the county, for the special pur-pose of repaying borrowed money, or of constructing or ordaining to construct any road or bridge, or for aiding in any enterprise contemplated by the preceding section, such special tax shall be paid in money and in no other manner.

" SECT. 21. The mode of submitting questions to the people, contemplated by the last two sections shall be the following : The whole question, including the sum to be raised, or the amount of the tax desired to be levied, or the rate per annum, and the whole regulation, including the time of its taking effect or having operation, if it be of a nature to be set forth, and the penalty of its violation, if there be one, is to be published at least four weeks· in some newspaper published in the county. If there is no such newspaper published, the publication is to be made by being posted up in at least one of the most public places in each election pre-cinct in the county. And in all cases the notices shall name the time when such question will be voted upon, and the form in which the question shall be taken ; and a copy of the question submitted shall be posted up at each place of voting during the day of elec-tion.

" SECT. 22. When the question submitted involves the borrowing or expenditure of money, the proposition of the question must be accompanied by a provision to lay a tax for the payment thereof, in addition to the usual taxes under section sixteen of this chap-ter ; and no vote adopting the question proposed shall be valid, unless it likewise adopt the amount of tax to be levied to meet the liability incurred.

" SECT. 23. The rate of tax to be levied in pursuance of the last four sections of this chapter shall in no case exceed three mills on the dollar of the county valuation in one year. When the object is to borrow money to aid in the erection of public buildings, the

rate shall be such as to pay the debt in ten years ; when the object is to construct or aid in constructing any road or bridge, the annual rate shall not exceed one mill on a dollar of the valuation ; and any special tax or taxes levied in pursuance of this chapter, becoming delinquent, shall draw the same rate of interest as ordinary taxes lev ed in pursuance of the revenue laws of this Territory."

But the statute of February 15th, 1869, as amended by a statute of March 3d, 1870, and under which the bonds in question were issued, provides as follows :

"SECT. 1. Any county or city in the State of Nebraska is hereby authorized to issue bonds to aid in the construction of any railroad, or other work of internal improvement, to an amount to be determined by the county commissioners of such county or the city council of such city, not exceeding ten per centum of the assessed valuation of all taxable property in said county or city : *Provided*, the county commissioners or city council shall first submit the question of the issuing of such bonds to a vote of the legal voters of said county or city, in the manner provided by chapter nine of the Revised Statutes of the State of Nebraska, for submitting to the people of the county the question of borrowing money.

"SECT. 2. The proposition of the question must be accompanied by a provision to levy a tax annually for the payment of the interest on said bonds as it becomes due : *Provided*, that an additional amount shall be levied and collected to pay the principal of said bonds, when it shall become due ; and *Provided further*, that no tax shall be levied or collected to pay any of the principal of said bonds until the year 1880.

"SECT. 3. The proposition shall state the rate of interest such bonds shall draw, and when the principal and interest shall be made payable."

"SECT. 5. It shall be the duty of the proper officers of such county or city to cause to be annually levied, collected, and paid to the holders of such bonds a special tax on all taxable property within said county or city, sufficient to pay the annual interest as the same becomes due ; and when the principal of said bonds becomes due, such officers shall in like manner collect an additional

amount sufficient to pay the same as it becomes due ; " with certain restrictions as to the amount to be levied and collected in any one year towards payment of the principal.

"SECT. 6. Any county or city, which shall have issued its bonds in pursuance of this act, shall be estopped from pleading want of consideration therefor ; and the proper officers of such county or city may be compelled, by mandamus or otherwise, to levy the tax herein provided to pay the same.

"SECT. 7. Any precinct in any organized county of this State shall have the privilege of voting to aid works of internal improvement, and be entitled to all the privileges conferred upon counties and cities by the provisions of this act ; and in such case the precinct election shall be governed in the same manner as is provided in this act, so far as the same is applicable, and the county commissioners shall issue special bonds for such precinct, and the tax to pay the same shall be levied upon the property within the bounds of such precinct.   Such precinct bonds shall be. the same as other bonds, but shall contain a statement showing the special nature of such bonds."

Under either statute, the submission of the question to the people must be accompanied by a provision to levy a tax.   But whereas the statute of 1866 provided that no vote adopting the question proposed should be valid unless it likewise adopted the amount of tax to be levied to meet the liability incurred, and that when the object was to construct or aid in constructing any road or bridge the annual rate should not exceed one mill on a dollar on the valuation,  the statute of 1869, as amended by the statute of 1870, omits both these provisions, and peremptorily enacts that the proposition of the question shall be accompanied by a provision to levy a tax annually, sufficient for the payment of the interest as it becomes due; that it shall be the duty of the proper municipal officers to cause to be annually levied, collected, and paid to the holders of the bonds a special tax, sufficient so to pay the annual interest; and that they may be compelled, by mandamus or otherwise, to levy such a tax.

The later statute, as to objects included in it, clearly repeals to this extent the earlier statute, removes the limit imposed upon the amount to be levied, and takes away the power of

the voters to limit that amount, and requires a tax to be levied and collected sufficient to pay the whole interest for the year; and it is equally clear that a bridge across the Platte River is a work of internal improvement, for the benefit of the public, and within the scope and the terms of the statute of 1869. *County Commissioners* v. *Chandler*, 96 U. S. 205; *Fremont Building Association* v. *Sherwin*, 6 Neb. 48.

The petitioner is therefore entitled to a peremptory writ of mandamus to the county commissioners to levy a tax on the taxable property of Fremont Precinct, sufficient to pay the amount of the judgments recovered in the Circuit Court for the interest due on the bonds held by him. *Davenport* v. *Dodge County*, 105 U. S. 237.

*Judgment reversed.*