### HUNTER v. FEDERAL LIFE INS. CO. et al.

### No. 11349.

Circuit Court of Appeals, Eighth Circuit.

April 19, 1939.

Herschel Bricker, of Little Rock, Ark., for appellant.

J. H. Carmichael, of Little Rock, Ark., for appellee Federal Life Ins. Co.

Henry E. Spitzberg, of Little Rock, Ark., guardian ad litem for Betty Jane Hunter, Mary Ann Hunter, and LaFayette McClintock Hunter, Jr.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

The Federal Life Insurance Company, of Chicago, Illinois, filed this suit in interpleader in the District Court of the United States for the Eastern District of Arkansas, alleging that LaFayette McClintock Hunter, one of its insured under a $5,000 life policy, had died on September 3, 1935, and that his wife, Hazel Marie Hunter, as the named beneficiary, claimed the proceeds of the policy, and that, upon the other hand, Henry E. Osterloh, Trustee, and the three minor children of the insured, claimed to be entitled to the proceeds. The alleged claimants, all citizens of Arkansas, were named as defendants. They all appeared in the proceedings. Hazel Marie Hunter, while denying the right ·of the Company to bring the suit and the jurisdiction of the court to entertain it, asserted that she was entitled to the proceeds of.the policy. Henry E. Osterloh, Trustee, disclaimed any

---

interest. The other three defendants, minor children of the insured, appeared by their guardian ad litem and claimed that the insured had, prior to his death, effected a change of beneficiary by a letter, a copy of which is set out in the margin[1], and that, at the time of his death, his wife was no longer the beneficiary under this policy.

The District Court, on June 23, 1938, entered an order that the Company, having deposited $5,000 in the registry of the Court, be discharged upon its interplea; that the defendants proceed to establish their rights in that Court; and that the attorneys for the Company be paid, for their services, the sum of $300 out of the sum deposited. After a trial, and on July 1, 1938, the Court entered a decree, which provided as follows:

"I. That the costs of this action be paid out of the funds deposited in the registry of the court.

"II. That the plaintiff, Federal Life Insurance Company be, and it is hereby, absolved from all liability to the defendants, and each of them to the extent of the sum of Five Thousand ($5,000.00) Dollars paid by it into the registry of this court.

"III. That the clerk of this court is hereby directed to forthwith determine the amount necessary to purchase from the plaintiff a single payment insurance contract to be payable in the face amount of Five Thousand ($5,000.00) Dollars on December 10, 1950. That the sum so determined to be necessary be awarded to the defendant, LaFayette McClintock Hunter, Jr., and that said sum be by the clerk of this court forthwith transmitted to the said Federal Life Insurance Company for said insurance contract, the beneficiary clause therein to read substantially as follows, to-wit:

"To LaFayette McClintock Hunter, Jr., if living, otherwise to Betty Jane Hunter and Mary Ann Hunter, if living, or if either be dead, then to the survivor; if all three be dead, then to Hazel Marie Hunter; and in the event of the death of LaFayette McClintock Hunter, Jr., Betty Jane Hunter, Mary Ann Hunter, and Hazel Marie Hunter, prior to December 10, 1950, then to the estate of LaFayette McClintock Hunter, father of LaFayette McClintock Hunter, Jr., beneficiary.

"IV. It is further ordered, adjudged and decreed that the sum of Three Hundred Dollars ($300.00) be awarded Henry

---

[1] "Federal Life Insurance Company of Chicago,

"Little Rock Agency,

"Little Rock, Arkansas.

"In Re: Policy No. 74,785.

"Gentlemen:

"I desire to make a change in beneficiary in the above numbered policy. The following in a general way is the manner in which I desire to designate the beneficiary:

"1. In event my son, LaFayette McClintock Hunter, Jr., shall survive me, I desire that the Company withhold sufficient funds to purchase an annuity in the sum of $5,000 for my said son, LaFayette McClintock Hunter, Jr. By this I mean that I want the Company to withhold a sufficient amount which, when placed on compound interest, will mature $5,000 on my son's twenty-first birthday which will be on the 10th day of December, 1950.

"The rest and residue of the policy I desire to be paid to Henry E. Osterloh as Trustee, and should my son, LaFayette McClintock Hunter, Jr., die prior to my death, the entire proceeds of said policy shall be paid to Henry E. Osterloh as Trustee.

"I want the beneficiary clause to provide further that should my son die after my death and before attaining his twenty-first birthday, that the sum which would have been due him under said annuity shall be paid to my daughters, Betty Jane Hunter and Mary Ann Hunter, share and share alike, on the twenty-first anniversary of the birth of the said LaFayette McClintock Hunter, Jr., and should either of my daughters, Betty Jane Hunter and Mary Ann Hunter die before said date, then the entire proceeds of said annuity shall go to the survivor.

"In the event of the death of all three of my children subsequent to my death, prior to their having attained their majorities, then the cash value of said annuity shall then be paid to my wife, Hazel Marie Hunter.

"I understand, of course, that in arriving at the amount which must be left on interest to mature [tye] annuity, you will figure the same at your guaranteed rate. In such event, the excess interest, if any, shall annually be paid to the residuary beneficiary.

"Will you please submit to me the proposed form for change of beneficiary and application for my signature?

"Very truly yours,

"[Signed.] LaFayette M. Hunter."

194

S. Spitzberg as guardian ad litem for the minor defendants, same to be taxed as costs herein for his services in this court and upon appeal to the Circuit Court of Appeals, and the clerk of this court is directed to pay said sum upon request of the said Henry E. Spitzberg.

"V. That a fee of Five Dollars ($5.00) be awarded to Charles S. Harley, court reporter, to be taxed as costs herein, and the clerk of this court is directed to pay said sum upon the request of the said Charles S. Harley.

"VI. All of the rest and residue of said funds shall be retained in the registry of this court for such further orders as the court may deem proper upon submission of proper testimony, for which purpose the court doth retain jurisdiction and control of this cause for all other orders, judgments, and decrees as may be necessary to a just and proper distribution of the funds remaining in the registry of the court."

It will be noted that this decree directed that the clerk of the Court determine the amount necessary to purchase certain insurance for LaFayette McClintock Hunter, Jr., and transmit that amount to the Company for the purchase of such insurance. The clerk's determination of that question is not in the record. No disposition whatever was made of the balance of the proceeds, except the $300 was awarded to the guardian ad litem for services and $5 to the court reporter. It is obvious that the District Court has not completely determined the issues in this case, and that this appeal is from a decree which determines only a part of this controversy and distributes only a part of the proceeds of the policy in suit.

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. Job,

252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited." Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 147, 68 L.Ed. 371. See, also, Thompson v. Murphy, 8 Cir., 93 F.2d 38, 39.

It may seem unfortunate that the appellant can not, in advance of further proceedings, invoke a ruling of this Court upon the questions of the jurisdiction of the District Court and the right of the Company to maintain this suit; but there is no such certainty as to the correct answers to those questions as would justify our volunteering our views with respect to them in the absence of jurisdiction to entertain this appeal. We shall, however, take the liberty of suggesting to the District Court compliance with the rule which requires findings of fact and conclusions of law in all cases tried by the court without a jury[2] and to the desirability of a final and complete determination of all of the issues in this case with as little further delay and expense as possible.

The appeal is dismissed for want of jurisdiction.

---

[2] The rule presently applicable is Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

It was Rule 70½ of the Equity Rules, 28 U.S.C.A. following section 723, at the time of the trial of this case.