### UNITED STATES v. BRAUNSTEIN.
### No. 289, Docket 21024.

Circuit Court of Appeals, Second Circuit.

June 28, 1948.

John F. X. McGohey, U. S. Atty., of New York City (Henry L. Glenn and John M. Cunneen, Asst. U. S. Attys., both of New York City, of counsel), for plaintiff-appellant.

Wegman, Spark & Burke, of New York City (Richard J. Burke, of New York City, of counsel), for Sidney Braunstein, etc., defendant-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

---

AUGUSTUS N. HAND, Circuit Judge.

The United States brought this action against the defendants Braunstein, Edward and Mary Deregibus and Edward O. Keller, setting forth three counts. The first count was against the first three of the above named defendants as joint venturers for breach of a contract of purchase. The second count was against Braunstein alone for failing to perform this contract. The third count was against Keller alone for breach of an alleged warranty of authority to enter into the above contract on behalf of Braunstein. Upon a motion for summary judgment by Braunstein, Judge Medina rendered an opinion holding that the documents relied upon by the plaintiff to establish the foregoing contract showed no binding acceptance, and accordingly he dismissed the complaint and entered a judgment from which the plaintiff has appealed.

■ It is evident from the foregoing that no disposition was made of the claim against Braunstein and Edward and Mary Deregibus jointly, and likewise there was no determination of the claim against Keller for breach of warranty. Under these circumstances we think that an appeal from the judgment rendered does not lie because of lack of finality. In respect to the first count this is clear under the decisions in Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Porter v. American Distilling Co., 2 Cir., 157 F.2d 1012; Photometric Products Corp. v. Radtke, 2 Cir., 157 F.2d 849; Kuhn v. Canteen Food Service, Inc., 7 Cir., 150 F.2d 55; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465. Cf. Reeves v. Beardall, 316 U.S. 283, 286, 62 S.Ct. 1085, 86 L.Ed. 1478. In respect to the other two counts, individual liability of the defendant Braunstein on the second count, and Keller on the third count, would, as in the first count seem to depend upon whether there could be a binding contract under the documents on which the plaintiff relies. In other words, the force of those documents as creating any contract is the primary issue affecting all three counts and thus is subject matter vital to all the plaintiff's claims. This issue in our opinion must be disposed of as to all the defendants so long as they are parties to the action.

■ We may add, though it is by way of dictum since the appeal is not properly before us, that the district judge's disposition of the merits as between the plaintiff and Braunstein seems to us correct and we should have disposed of the case on his opinion had we not felt it necessary to raise the question of the finality of the judgment for purposes of appeal. The cause should proceed either by a determination of the issues against all of the defendants or by a discontinuance of the suit against the defendants Edward and Mary Deregibus and Keller. The latter is of course a matter for disposition by the district court. See Federal Rules of Civil Procedure, rule 41(a), 28 U.S.C.A. following section 723c.

For the foregoing reasons, the appeal is dismissed.