**DUNAWAY et al. v. STANDARD OIL CO. (NEW JERSEY) et al.**

No. 12861.

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1949.

Rehearing Denied Jan. 18, 1950.

Arthur H. Bartelt, Austin, Texas, for appellant.

Cecil C. Cammack, Fort Worth, Texas, R. H. Kelley, Houston, Texas, T. E. Mosheim, Houston, Texas, William A. Dougherty, New York City, D. H. Culton, H. L. Adkins, Wm. A. Boyce, Amarillo, Texas, Charles C. McDugald, Chicago, Ill., Paul A. McDermott, Fort Worth, Texas, for appellee.

Before HUTCHESON, WALLER, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging: that of the six defendants sued, five were organized under the laws of Delaware, and one under the laws of Colorado; that none of them, except Canadian River Gas Co., has been, or is now, licensed to do business in Texas, but that all, by virtue of combination and conspiracy, were suable in Texas, plaintiffs sued them as conspirators, seeking in concert to monopolize and to impose unlawful restraints on interstate commerce in connection with the production, transportation, and sale of natural gas.

Alleging with considerable fullness the details of the organized concert of action to effect the combination and conspiracy, and that it had resulted in damages to plaintiffs as lessors and owners of gas producing properties, in the sum of $920,000.00, the complaint prayed judgment against the defendants individually and jointly for treble damages.

The complaint alleging that the officials, agents, and employees of the Canadian were also agents of the other named defendants, and that service of papers on any one of them constitutes valid service on the respective defendants, the summons upon all defendants in this action was served "by delivering to E. C. Wagner [Vice-President of Canadian Gas Co.], the alleged agent of each of the above named companies, a copy of this summons and a copy of the bill of complaint attached".

Each of the defendants, except Canadian, filed motion to quash the service, and each, except Standard Oil Company, moved to dismiss the action for want of jurisdiction and venue. Each of the motions to quash was sustained, the cause was dismissed as to each of the moving defendants, and plaintiffs appealed from each of the orders.

Appellees, moving to dismiss the appeal as from not final, but interlocutory, orders, and pointing out: that the suit presented not many causes of action, one against each of the defendants, but one cause of action against all of the defendants jointly, for the damages inflicted by them acting in concert; and that the suit is still pending as to Canadian; urge upon us, upon the authority of our case, Hunteman v. New Orleans Pub. Serv. Co., Inc., et al., 5 Cir., 119 F.2d 465, and similar cases,[1] that the appeal must be dismissed.

Appellants, on their part, as vigorously insist that the invoked cases are not applicable here.

We cannot agree with appellants. We think it too clear for argument that the authorities appellees cite are controlling here. The action brought is one against the six defendants for the consequences of their joint and concurrent action. The dismissal of the five defendants has not brought it to an end. The orders are interlocutory and, therefore, subject to be set aside or modified at any time until the whole cause is disposed of, and being interlocutory, they are, therefore, not appealable. The appeals should be, and they are hereby

Dismissed.

WALLER, Circuit Judge (specially concurring).

If the opinion in our case of Hunteman v. New Orleans Public Service Co., Inc., et al., 5 Cir., 119 F.2d 465, is correct—and its correctness seems to be supported by much authority—then the orders quashing the process were interlocutory and the appeal is properly dismissed. But on account of the apparent finality with which some of the defendants were dismissed out of the case because of the showing that they had never transacted business in the State of Texas, it seems to me to be incorrect to say that the dismissal orders in this respect were interlocutory.

Since the facts upon which the motions were predicated were neither disputed nor the evidence supporting same disproven, it would seem that such orders were without error and ought more properly to be affirmed. Without doubt, the orders quashing the process are interlocutory, but I deem the orders dismissing the defendants because of non-suability in Texas to have the quality of final judgments.

1. Kuhn et al. v. Canteen Food Serv. et al. 67 Cir., 150 F.2d 55; Hohorst v. Hamburg-Am. Packing Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; Atwater v. N. A. Coal Co., 2 Cir., 111 F.2d 125; Hunter v. Fed. Life Ins. Co., 8 Cir., 103 F.2d 192; Southland Ind. v. Fed. Communications System, 69 App.D.C. 82, 99 F.2d 117; Fields v. Mut. Ben. Life Ins. Co., 4 Cir., 93 F.2d 559; Lockhart v. N. Y. Life Ins. Co., 4 Cir., 71 F.2d 684; Photometric Pro. Corp. v. Radtke, 2 Cir., 157 F.2d 849; U. S. v. Braunstein, 2 Cir., 168 F.2d 749; Western Contracting Co. v. National Sur. Corp., 4 Cir., 163 F.2d 456.