## HOHORST v. HAMBURG–AMERICAN PACKET COMPANY.

·APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 134. Argued March 13, 1893. — Decided March 27, 1893.

A bill pending in a Circuit Court of the United States against a foreign corporation and other defendants citizens of the United States, for the infringement of letters patent, was dismissed as to the foreign corporation, and, so far as appeared from the record in the appeal from the judgment of dismissal, was still pending and undetermined as to the codefendants. *Held*, that the decree in favor of the corporation was not a final decree from which an appeal could be taken to this court, and that this appeal must be dismissed for want of jurisdiction.

THE case is stated in the opinion.

*Mr. Salter S. Clark,* for appellant, cited: *Ex parte Schollenberger*, 96 U. S. 369; *Jones* v. *Andrews*, 10 Wall. 327; *St. Louis & San Francisco Railway* v. *McBride*, 141 U. S. 127; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444; *Gracie* v. *Palmer*, 8 Wheat. 699; *Atkins* v. *Disintegrating Co.*, 18 Wall. 272; *In re Louisville Underwriters*, 134 U. S. 488.

*Mr. Walter D. Edmonds,* for appellees, cited: *Smith* v. *Lyon*, 133 U. S. 315, 319; *In re Louisville Underwriters*, 134 U. S. 488; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444; *Lake County* v. *Rollins*, 130 U. S. 662; *Cary* v. *Curtis*, 3 How. 236.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill filed by Friedrich Hohorst, a citizen of the State of New York, "against the Hamburg-American Packet Company, a corporation organized and existing under the laws of the Kingdom of Hanover, Empire of Germany, and doing business in the city of New York; Henry R. Kunhardt, Sr.,

Henry R. Kunhardt, Jr., George H. Diehl, citizens of the United States and residents of the State of New York, and Arend Behrens and William Koester, citizens of the United States and residents of the State of New Jersey," for infringement of patent, in the Circuit Court of the United States for the Southern District of New York, September 15, 1888. September 17, the subpœna was served on Henry R. Kunhardt, Sr., as a defendant, and as general agent of the Hamburg Company.

November 5, 1888, a general appearance for all the defendants was filed, and on December 18, 1888, a demurrer on behalf of the Packet Company, assigning as grounds that the causes of action against the several defendants were distinct and unconnected, and hence that the bill was multifarious, and for want of equity. A motion was made by complainant, December 24, to amend, and on January 7, 1889, a motion by defendant to dismiss. On January 28, 1889, leave to amend was granted and the motion to dismiss denied, and, on February 2, 1889, the amendments were made. These consisted in the insertion of the word " jointly " in the allegation of the defendants' infringement, and also of the following allegation: "Your orator further states that all of the defendants above named are inhabitants of the city and county of New York; that the defendant, the Hamburg-American Packet Company, has its principal business office in this country, located in the city and county of New York; that the defendants Henry R. Kunhardt, Sr., Henry R. Kunhardt, Jr., George H. Diehl, Arend Behrens and William Koester are, and during the time of the infringements above set forth were, copartners under the firm name of Kunhardt & Co., and as such copartners are and were the agents and managers of the business of the Hamburg-American Packet Company in this country, and have their principal business office, as such, located in the city and county of New York, and that the said infringements were committed in the prosecution of such business, and all the defendants have coöperated and participated in all the said acts and infringements."

On February 16, 1889, defendant Hamburg Company served

notice of final hearing upon the bill of complaint and demurrer, and on February 21, a notice was given of a motion that the appearance entered on behalf of the Hamburg Company be changed from a general appearance into a special appearance, and the service of subpœna made upon that defendant be set aside, and the bill of complaint dismissed as against the company because of lack of jurisdiction of the court over its person.

In April, 1889, an order was granted that unless complainant withdrew his amended complaint as to the defendant company, and stipulated to go to trial as to said defendant on the original bill of complaint, the notice of appearance should be, and was thereby, amended into a special appearance, and the service of the subpœna set aside and the bill of complaint dismissed as against said company. 38 Fed. Rep. 273.

On April 11, 1889, the notice of appearance was amended accordingly, subpœna set aside and the bill of complaint dismissed as against the company ; whereupon complainant appealed to this court.

So far as appears from the record, the suit is still pending and undetermined as against the codefendants of the company. We are of opinion, therefore, that this appeal cannot be maintained because the decree rendered in favor of the company was not a final decree.

In *United States* v. *Girault*, 11 How. 22, 32, which was a writ of error to review a judgment rendered by the Circuit Court of the United States in Mississippi in favor of some of the defendants only, in an action on a bond, leaving the suit undisposed of as against one defendant, this court would not reverse the judgment according to the practice in Mississippi, but dismissed the writ of error ; and Mr. Justice Nelson, delivering the opinion, said : " The practice in this court, in case the judgment or decree is not final, is to dismiss the writ of error or appeal for want of jurisdiction, and remand it to the court below to be further proceeded in." *Metcalfe's Case*, 11 Rep. 38, was cited, where it was held that a record of the common pleas could not be removed into the King's Bench before the whole matter was determined in the common pleas,

as it was entire and could not be in both courts at the same time; and, also, *Peet* v. *McGraw*, 21 Wend. 667, wherein Mr. Justice Nelson, then Chief Justice of New York, declared that a case could not be sent up in fragments by a succession of writs of error. Again, in *Holcombe* v. *McKusick*, 20 How. 552, 554, it was said: "It is the settled practice of this court, and the same in the King's Bench in England, that the writ will not lie until the whole of the matters in controversy in the suit below are disposed of. The writ itself is conditional, and does not authorize the court below to send up the case, unless all the matters between the parties to the record have been determined."

The same rule is applicable to an appeal in admiralty, *Dayton* v. *United States*, 131 U. S. App. lxxx, and in equity, *Frow* v. *De la Vega*, 15 Wall. 552, 554. In the latter case it was held that a final decree on the merits cannot be made separately against one of several defendants upon a joint charge against all, where the case is still pending as to the others. It is true that there a default had been entered with a decree *pro confesso* against one of several defendants, and a final decree had been made absolute against him, whereupon the court proceeded to try the issues made by the answers of the other defendants and dismissed complainant's bill; but this attitude of the case illustrated and required the application of the general rule.

In *Withenbury* v. *United States*, 5 Wall. 819, it was decided that where a decree in a prize cause disposed of the whole matter in dispute upon a claim filed by particular parties which was final as to them and their rights, and final also so far as the claimants and their rights were concerned as to the United States, it was final; while in *Montgomery* v. *Anderson*, 21 How. 386, where the District Court of the United States, sitting in admiralty, decreed that a sum of money was due, but the amount to be paid was dependent upon other claims that might be established, it was held that such a decree was not final.

There are cases in equity in which a decree, disposing of every ground of contention between the parties, except as to

the ascertainment of an amount in a matter separable from the other subjects of controversy, and relating only to some of the defendants, may be treated as final, though retained for the determination of such severable matter. *Hill* v. *Chicago & Evanston Railroad*, 140 U. S. 52. But this case presents no such aspect. Complainant insisted, by his amended bill, that the alleged liability was joint, and that " all the defendants have coöperated and participated in all the said acts and infringements."

In *Shaw* v. *Quincy Mining Co.*, 145 U. S. 444, a bill was filed against the mining company and others in the Circuit Court of the United States for the Southern District of New York, and service of subpœna was made upon the secretary of the company. The company appeared specially and moved for an order to set aside the service, which was granted, whereupon complainant applied to this court by petition for writ of mandamus to the judges of the Circuit Court to command them to take jurisdiction against the company upon the bill. The ground on which our jurisdiction was invoked was the inadequacy of any other remedy, and it was argued that as the cause could proceed as to the other defendants, no final judgment could be entered upon the order of the Circuit Court, and no appeal taken therefrom.

Under the circumstances

*This appeal must be dismissed for want of jurisdiction, and it is so ordered.*