ONEIDA NAVIGATION CORPORATION, CLAIM-
ANT OF THE SAILING VESSEL "PERCY R.
PYNE, 2D." &c. *v.* W. & S. JOB & COMPANY, INC.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 259. Argued March 19, 1920.—Decided April 19, 1920.

In a libel of a vessel for damage to cargo due to unseaworthiness, the
owner and claimant, having answered denying liability, by leave
filed a petition to bring in another party as indemnitor. *Held*, that
a decree dismissing such petition was not appealable by the claimant
to this court in advance of any determination of the main issue
of claimant's liability. A case cannot be brought up piecemeal.
*Collins* v. *Miller, ante*, 364.

Appeal dismissed.

THE case is stated in the opinion.

*Mr. Geo. Whitefield Betts, Jr.*, with whom *Mr. George C.
Sprague* was on the brief, for appellant.

*Mr. Peter S. Carter*, for appellee, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the
court.

James W. Smith and another libelled the Schooner
Percy R. Pyne 2d in the District Court of the United
States for the Southern District of New York claiming
damages for injury to cargo resulting from unseaworthi-
ness due to the cutting away of timbers and frame for the
installation of an auxiliary engine. The Oneida Naviga-
tion Company claimed the vessel as owner and answered
denying liability. Then it filed, by leave of court, a

petition to bring in, under Admiralty Rule 15 of that court in analogy to Admiralty Rule 59 of this court, W. & S. Job & Co., Inc., as defendants, alleging them to be the party through whose fault, if any, the damages complained of had occurred, and that if liability should be established it would be entitled to be indemnified by them. W. & S. Job & Co., Inc., excepted to the petition and denied jurisdiction on the ground that the petition did not set forth a cause of action in admiralty. Their exception was sustained and the petition was dismissed on that ground. The case comes here by direct appeal, the District Judge having certified the question of jurisdiction.

The petition to make W. & S. Job & Co., Inc., party defendants was merely an incident in the progress of the case in the District Court. The liability of indemnitors thereby sought to be enforced would in no event arise unless the vessel should be held liable. The petitioner had as claimant denied liability in its answer to the libel and the issue thus raised had not been tried. While the decree dismissing the petition as to W. & S. Job & Co., Inc., was final as to them, there was no decree disposing of the case below. A case may not be brought here in fragments. This court has jurisdiction under § 238 of the Judicial Code, as under other sections, only from judgments which are both final and complete. *Collins* v. *Miller*, decided by this court March 29, 1920, *ante*, 364; *Hohorst* v. *Hamburg-American Packet Co.*, 148 U. S. 262. The case was not ripe for appeal. Although the objection was not raised by the appellee, the appeal is

*Dismissed for want of jurisdiction.*