## ARNOLD, DOING BUSINESS AS R. H. ARNOLD COMPANY, ET AL. *v.* UNITED STATES FOR THE USE OF W. B. GUIMARIN & COMPANY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 31. Argued February 27, 1923.—Decided December 10, 1923.

A judgment of the Circuit Court of Appeals, in an action on a contractor's bond brought by a creditor under the Federal Materialmen's Act, which affirms the District Court in holding the action not premature and in adjudicating the amount due the plaintiff, but remands the case for jury trial of the claims of intervening creditors, and settles neither the amount of the claims to be allowed against the bond nor the proportionate share of each creditor if the bond prove inadequate to pay all, does not finally and completely dispose of the subject matter of the litigation, either as to the parties or the causes of action involved, and cannot be brought here by writ of error.  P. 432.

Writ of error to review 280 Fed. 338, dismissed.

ERROR to a judgment of the Circuit Court of Appeals which modified a judgment of the District Court in an action under the Materialmen's Act, and remanded the cause for further proceedings.

*Mr. William Henry White,* for plaintiffs in error, submitted. *Mr. Ellwood P. Morey* and *Mr. John I. Cosgrove* were also on the briefs.

*Mr. Frank G. Tompkins,* with whom *Mr. M. G. McDonald* was on the brief, for defendant in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This action was brought by a subcontractor, in the name of the United States, in a Federal District Court in South Carolina, under the Materialmen's Act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the

Act of February 24, 1905, c. 778, 33 Stat. 811, to recover on a contractor's bond for the construction of a naval storehouse. Judgment was had against the contractor and his surety for the full penalty of the bond. The Circuit Court of Appeals modified this judgment and remanded the cause to the District Court for further proceedings. 280 Fed. 338.

The case has been brought here by writ of error, and many errors have been assigned going to the merits of the controversy. The record, however, presents the preliminary question whether the judgment of the Circuit Court of Appeals has such finality and completeness that it may be reviewed by this Court under the writ.

The Materialmen's Act, as amended, provides[1] that the usual penal bond executed by anyone entering into a contract with the United States for the construction of any public work shall contain an additional obligation for the payment by the contractor of all persons supplying labor and materials in the prosecution of the work. Any such person not thus paid may intervene in any action instituted by the United States on the bond and obtain judgment *pro rata* with other intervenors, subject to the priority of the claim of the United States. And if no suit is brought by the United States within six months from the completion and final settlement of the contract, any such person shall have a right of action upon the bond, and may, within a specified time, bring suit against the contractor and his surety, in the name of the United States, for his use and benefit, in the federal court of the district in which the contract was performed and prosecute the same to final judgment and execution. Where suit is so instituted by a creditor, only one action shall be brought, and any creditor may file his claim therein and be made a party thereto within

---

[1] The amended act is set forth in full in the margin of the opinion in *Texas Cement Co.* v. *McCord*, 233 U. S. 157, 161, n. 1.

a specified time. And if the recovery on the bond is inadequate to pay the amount due to all of said creditors, judgment shall be given to each creditor *pro rata* of the amount of the recovery.

The independent right of action given a materialman or laborer by the amended act, is to be enforced in a proceeding at law, and not in equity. *Illinois Surety Co.* v. *Peeler*, 240 U. S. 214, 224. All claims under the bond are to be presented in a single action, in which every claimant may intervene and be heard as a party; and this action is to proceed as a single case, in which the several claimants are not entitled to separate trials as of right, although in exceptional instances, for special and persuasive reasons, the distinct causes of action asserted by them may be made the subject of separate trials. *Miller* v. *American Bonding Co.*, 257 U. S. 304, 307, 308.

The situation presented in the present case is this: Arnold, one of the plaintiffs in error, in October, 1917, entered into a contract with the United States to construct a storehouse in the Navy Yard at Charleston, South Carolina. He executed a bond for $65,190 in conformity to the act with the Globe Indemnity Co., the other plaintiff in error, as surety.

In November, 1920, the firm of Guimarin & Co., as use plaintiff, brought this action on the bond in the Federal District Court at Charleston, against Arnold and the Indemnity Company, to recover a balance $7,725.52, with interest, alleged to be due it from Arnold under a subcontract for supplying the plumbing and other material in the storehouse. The complaint alleged that Arnold's contract with the United States had been completely performed and finally settled on April 17, 1920, and that the United States had not entered suit on the bond. The defendants answered, denying liability on

various grounds, specifically denying that Arnold's contract had been finally settled on April 17, or that more than six months had elapsed since its completion or final settlement, and averring that the court was without jurisdiction because no such final settlement had been made.[2]

Various other creditors filed intervening petitions in the case, setting up their claims; but neither the number nor the amount of these claims appears in the record.

At the hearing, in June 1921, the court held, over the defendant's objection, that the principal cause should be tried first, and that "if a breach of the bond was established," judgment could then be rendered and other claimants permitted to assert their several claims "to share in the fund thus created."[3] The case was then tried upon the issues relating to the claim of Guimarin & Co., and a verdict rendered by direction, finding that Arnold's contract had been completely performed and finally settled on April 16, 1920, and that Guimarin & Co. was entitled to recover under its subcontract $7,693.31, with interest. The court thereupon, without entering any separate judgment upon this verdict in favor of Guimarin & Co., ordered that the cause be referred to a special master to take proof and report as to the claims of intervening creditors, and entered a judgment that the United States recover of the defendants $65,190, the penalty of the bond, with costs.

---

[2] Under the provisions of the amended act an action brought by a creditor before six months have expired from the time of the completion and final settlement of the principal contracts, is premature and cannot be sustained. *Texas Cement Co.* v. *McCord*, 233 U. S. 157, 163; *Illinois Surety Co.* v. *Peeler, supra,* p. 217.

[3] This was several months before the decision in *Miller* v. *American Bonding Co., supra.* The defendants stated, at the time, that if the claims of all intervenors were not tried in the main case before the same jury, they would oppose any subsequent trial of claims not then presented on the ground that such claims would be "foreclosed."

Arnold and the Indemnity Company, before execution of the order of reference, sued out a writ of error for the review of this judgment by the Circuit Court of Appeals. There appears to have been no citation under this writ to the intervening creditors and no appearance by them in the Circuit Court of Appeals.[4]

The Circuit Court of Appeals, after disposing, adversely to Arnold and the Indemnity Company, of various assignments of error relating to the alleged prematurity of the suit and the claim of Guimarin & Co., said:

"Considering the action to be taken upon the judgment in this case, it seems to us, the same having been fully tried so far as the plaintiffs are concerned, . . . that the action of the lower court should not be disturbed in its ascertainment of the amount due plaintiffs. The court instructed the jury to find for the plaintiffs, and properly so, . . . and the judgment should be treated as that of a judgment on the bond, along with other petitioners, when judgments are rendered in their favor. The judgment . . . directing the reference to a master to pass upon the claims of the several petitioners, should be modified, and a jury trial awarded, to determine in a single trial the amounts due the several petitioners. . . . The court's idea, manifestly, in entering this judgment for the full penalty, was that, under South Carolina practice, such action constituted a forfeiture of the bond, and enabled persons in the position of the plaintiffs and the petitioners to come in and assert their claims, the aggregate not to exceed the amount of the bond, so far as the surety was concerned. . . . It is evident . . . that

---

[4] The record does not contain either the writ of error or the citation, but shows the entry of appearance for "the defendant in error." The Circuit Court of Appeals in its opinion refers to Guimarin & Co. as "the defendant in error"; and the citation under the present writ of error is directed only to the United States for the use of Guimarin & Co.

the court held, and meant to hold, that the contract between R. H. Arnold & Co. and the United States . . . had been fully performed, and final settlement made on the 16th day of April, 1920, and that there was due to the plaintiffs from the general contractor the sum of $7,693.31, with interest . . . , and that, suit having been instituted upon the bond in the name of the United States, suing for the use of W. B. Guimarin & Co., judgment should be entered in favor of the United States for the sum of $65,190, the penal sum of the bond . . . , to be discharged by the payment to the said Guimarin & Co. of $7,693.31, with interest . . . until paid, together with costs, . . . ; it appearing[5] that the plaintiffs' and petitioners' claims combined do not exceed the penal sum of said bond. We think the judgment as thus understood is correct and should be so modified, and that the several petitioners, upon ascertainment of the amounts respectively due them, should be entitled to like judgments; the total judgments, including that of the plaintiffs herein, not to exceed the penalty of the bond. The decision of the lower court, as herein modified, will be approved and affirmed."

Judgment was thereupon entered modifying the judgment of the District Court "as set forth in the opinion," affirming it as modified, and remanding the cause for further proceedings in accordance with the opinion.

It is evident that this judgment of the Circuit Court of Appeals does not finally and completely dispose of the subject matter of the litigation, either as to the parties or the causes of action involved. Looking to its substance, it adjudges, at the most, that the action was not prematurely brought and is to be sustained for the benefit of Guimarin & Co. and of the intervening creditors; and that

---

[5] The words "it appearing" are manifestly used, as the context shows, in the sense of "if it appears"; the amount of the petitioners' claims as already stated, not appearing in the record.

the defendants are liable on the bond for the amount found by the verdict to be due Guimarin & Co. and for such additional amounts as may hereafter be found, on the jury trial awarded, to be due the intervening creditors, the aggregate amount of such recoveries, however, not to exceed the penalty of the bond. It does not adjudge the amounts which either Guimarin & Co. or the intervening creditors will ultimately be entitled to recover on the bond; but for these purposes remands the cause to the District Court for further proceedings. If, upon the ascertainment of the amounts due the intervening creditors, the aggregate amount of the claims of Guimarin & Co. and of the intervening creditors are less than the penalty of the bond, it is adjudged that they will be entitled to recoveries for the full amount of their claims; but if the aggregate amount exceeds the penalty of the bond they can only recover, under the express provision of the statute, *pro rata* of the amount of such penalty. In short, this judgment does not determine the ultimate amount which Guimarin & Co. may recover on the bond, the amounts which the intervening creditors may recover, or the amount of the ultimate liability of the defendants on the bond; it adjudicates neither the amount of the claims which are to be finally allowed against the fund created by the bond, nor the proportionate share of each creditor in such fund if inadequate to pay the amounts due all the creditors.

In *La Bourgogne,* 210 U. S. 95, 112, a proceeding in admiralty by the owner of a vessel for limitation of liability arising from a collision, it was held that a decree adjudging that the owner was entitled to the limitation sought, declaring that one class of claims could not be proved against the fund and remitting all questions concerning other claims for proof prior to final decree, was not a decree from which an appeal lay to this Court, since the case not only involved primarily the owner's right to limitation of lia-

bility, but " further involved the nature and amount of claims which were to be allowed against the fund," which had not been finally disposed of by the decree. So here, the action brought by Guimarin & Co. involves not merely the liability of the defendants on the bond, but also the amount of the claims which may be allowed against the fund created by the bond, which cannot be determined until after further proceedings are had in the District Court on the remanding of the cause pursuant to the judgment of the Circuit Court of Appeals.

It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. *Hohorst* v. *Packet Co.*, 148 U. S. 262, 264; *Collins* v. *Miller*, 252 U. S. 364, 370; *Oneida Navigation Corporation* v. *Job*, 252 U. S. 521, 522; and cases therein cited.

And it is clear that the present case does not come within the seeming exception to this rule that an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy, may be reviewed without awaiting the determination of the general litigation. See *Williams* v. *Morgan*, 111 U. S. 684, 699, and *Collins* v. *Miller, supra,* p. 371. There has been no final adjudication of the amount which Guimarin & Co. is entitled to recover on the bond; and, furthermore, its right to a recovery is not distinct from the general subject of the litigation, but involves the determination of questions affecting the intervening creditors, who are likewise parties to the suit, as well as itself, and which, under the statute, are to be determined in a single action.

For these reasons—although, as in *Oneida Navigation Corporation* v. *Job, supra,* the objection was not raised by the defendant in error[6]—the writ of error to the Circuit Court of Appeals is

                              *Dismissed for want of jurisdiction.*

---

[6] A motion to dismiss the writ of error, the consideration of which was passed to the hearing, was based on other grounds.