## COX v. GRAVES, KNIGHT & GRAVES, Inc.
### No. 3194.

Circuit Court of Appeals, Fourth Circuit.

Jan. 12, 1932.

W. W. Butzner, of Fredericksburg, Va., and Robert H. Talley, of Richmond, Va., for appellants.

J. H. Rives, Jr., and William T. Muse, both of Richmond, Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal in an action at law instituted in the court below by Graves, Knight & Graves, a corporation, as plaintiff, against J. Wilmore Cox and others, as defendants, to recover the balance alleged to be due under a contract for the purchase of certain lands in Florida. Defendants pleaded the general issue, and also filed a special plea setting up fraud in the procurement of the contract. The special plea was heard by the court sitting in equity, and an order was entered that the plea be rejected and that the cause be restored to the law docket that the legal issues involved might be tried before a jury. From

this order defendants have appealed, and plaintiff has made a motion to dismiss the appeal on the ground that it is premature.

 It is clear that the motion must be allowed. Our appellate jurisdiction rests upon section 128 of the Judicial Code (28 USCA § 225), and, with certain exceptions not here material, it extends only to final decisions of the court below, and the order appealed from is not a final decision. A final decision is one which "puts an end to the suit, deciding all the points in litigation between the parties, leaving nothing to be judicially determined, with nothing remaining to be done, but to enforce by execution what has been determined." France & Canada S. S. Co. v. French Republic (C. C. A. 2d) 285 F. 290, 294; U. S. v. Bighorn Sheep Co. (C. C. A. 8th) 276 F. 710. "When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree." Beebe v. Russell, 19 How. 283, 285, 15 L. Ed. 668; Steel & Tube Co. of America v. Dingess Rum Coal Co. (C. C. A. 4th) 3 F.(2d) 805. An order which merely disposes of equitable defenses is not such a final decree. Emlenton Refining Co. v. Chambers (C. C. A. 3d) 14 F.(2d) 104.

 The rule here applicable is thus stated by Mr. Justice Sanford, speaking for the Supreme Court in Arnold v. U. S. for Use of W. B. Guimarin & Co., 263 U. S. 427, 434, 44 S. Ct. 144, 147, 68 L. Ed. 371:

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Packet Co., 148 U. S. 262, 264, 13 S. Ct. 590, 37 L. Ed. 443; Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616; Oneida Navigation Corporation v. Job, 252 U. S. 521, 522, 40 S. Ct. 357, 64 L. Ed. 697; and cases therein cited."

The dismissal will, of course, not prejudice the right of defendants to have reviewed upon appeal from the final judgment in the cause their exceptions to the order of which they complain.

Appeal dismissed.