## BOWLES v. COMMERCIAL CASUALTY INS. CO.

### No. 4522.

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1939.

Frank W. Rogers, of Roanoke, Va. (Woods, Chitwood, Coxe, Rogers & Muse, of Roanoke, Va., on the brief), for appellant.

S. King Funkhouser and Martin P. Burks, III, both of Roanoke, Va. (Ran G. Whittle and Funkhouser & Whittle, all of Roanoke, Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and LUMPKIN, District Judge.

PARKER, Circuit Judge.

This is an appeal from an order in a suit for a declaratory judgment directing that defendant submit to a physical examination. As no final judgment has been entered by the court below, and as we have jurisdiction of appeals only where taken from final judgments, except in cases not here material, we are of opinion that the appeal must be dismissed.

The suit was instituted by the plaintiff, Commercial Casualty Ins. Co., against an insured, to whom it was paying benefits on the basis of total and permanent disability. Its purpose was to have the court declare that plaintiff was entitled to have an examination made of defendant under the terms of his policy and to have the court then declare that insured was not totally and permanently disabled as the result of an accident therein insured against. The court without determining either of the questions as to which declaratory judgment was asked, entered an interlocutory order that plaintiff be permitted to make or have made a physical examination of plaintiff. That such order was entered pursuant to the power vested in the court by Rule 35 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c (Cf. The Italia, D.C., 27 F.Supp. 785) and not as a declaration of rights under the policy, sufficiently appears from the face of the order, which is as follows:

"The plaintiff having instituted its action praying for a declaratory judgment that the impairment of vision in the defendant's left eye did not result directly and independently of all other causes from an injury received by the defendant on June 22, 1932, and that, therefore, such total disability as may have resulted directly and independently of all other causes from such injury has not continuously existed since the said injury and does not now exist and that all obligations imposed upon the plain-

tiff by the policy of insurance involved in this case have been discharged:

"And the plaintiff having prayed that pending the final determination and hearing of the issue raised by its prayer for a declaratory judgment it be permitted to make a physical examination of the defendant in regard to the impairment of vision in his left eye and the cause thereof, and the defendant having appeared in opposition to said motion;

"And the court having considered said motion and the evidence taken thereon and the arguments of counsel and being of opinion that such examination should be permitted, it is accordingly

"Ordered that objections thereto by the defendant are overruled and that the plaintiff is hereby permitted to make or have made a physical examination of the defendant under the following conditions: * * *"

The appellate jurisdiction of this court extends only to the review of "final decisions" of the District Courts, except in a limited class of cases not here material. 28 U.S.C.A. § 225. As was said by the Supreme Court in Arnold v. U. S., for Use of W. B. Guimarin & Co., 263 U.S. 427, at page 434, 44 S.Ct. 144, 147, 68 L.Ed. 371, "It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Packet Co., 148 U. S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. Job [& Co.] 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited." See also Hyman v. McLendon, 4 Cir., 102 F.2d 189, 190; Fields v. Mut. Benefit Life Ins. Co., 4 Cir., 93 F.2d 559, 561; Lockhart v. New York Life Ins. Co., 4 Cir., 71 F.2d 684.

█ It is argued that the estoppel relied on by defendant in opposition to the granting of the right to examine defendant goes to the basis of plaintiff's case. This is true, and we are disposed to think, without deciding the matter, that upon the facts as shown in the record plaintiff is estopped from insisting that defendant was not total-ly disabled as the result of an accident insured against; but this does not give finality to the judgment appealed from or make the appeal other than fragmentary. If we should affirm the order, there would be nothing to prevent the court below from rendering final judgment for defendant, and, if we should reverse it, nothing to prevent final judgment for plaintiff, with another appeal to this court in either case. The granting of the order for physical examination of defendant was not an adjudication with respect to the estoppel upon which defendant relies; and it may well be that, in granting it, the thought of the District Judge was that all available evidence should be fully developed for consideration upon final hearing whatever his final conclusion might be on the question of estoppel.

█ Since the adoption of Rule 54(b) of the Rules of Civil Procedure, there is some question as to whether for purposes of appeal a judgment need be final as to all causes of action involved, if it is a final determination of all "issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim". The better opinion seems to be that a judgment finally disposing of one cause of action is appealable although other causes of action are not disposed of. Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83. We need not consider that question here, however, as the order appealed from is not final with respect to anything in the case but is purely interlocutory.

Appeal dismissed.