## WESTERN CONTRACTING CORPORATION et al. v. NATIONAL SURETY CORPORATION.

### No. 5607.

Circuit Court of Appeals, Fourth Circuit.

Sept. 16, 1947.

James M. Guiher, of Charleston, W. Va., (Steptoe & Johnson, of Charleston, W. Va., on the brief), for appellants and cross-appellees.

Thomas B. Jackson, of Charleston, W. Va. (Jackson, Kelly, Morrison & Moxley,

of Charleston, W. Va., on the brief), for appellee and cross-appellant.

Before PARKER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

Western Contracting Company and Ralph Myers Construction Company, acting together as joint venturers under the name of Myers-Western, entered into a contract with the United States for the construction of an airport at Parkersburg, W. Va. They then made a subcontract with one Haddad to do the drainage work required by the principal contract. Haddad gave a performance bond and a payment bond, with the National Surety Company as surety on both, for the faithful performance of his obligations under the subcontract and the payment of claims for labor and materials.

This action was instituted by the subcontractor, Haddad, to recover damages of Myers-Western for alleged breach of contract. Myers-Western filed answer denying that it had broken the contract, alleging that Haddad was guilty of breaking it and asking, by way of counterclaim, a recovery of damages against him and his surety, the National Surety Company. That company was brought in as a defendant by order of court and filed answer to the counterclaim of Myers-Western denying that Haddad had breached the contract or that Myers-Western had sustained the damage that it claimed. The Surety Company pleaded by way of affirmative defense that it had been discharged as surety, (1) because of an alleged agreement of November 1944 settling a dispute which had arisen in connection with the performance of the subcontract and (2) because of an alleged agreement of April 1945 settling the liability of the parties under the subcontract and discharging the surety from further liability.

The surety filed a motion for judgment on the pleadings, a motion for summary judgment and a motion, if these were not granted, for a separate trial of the issues raised by its affirmative defenses. The motions for judgment on the pleadings and summary judgment were denied, but the motion for separate trial was granted. The trial judge heard evidence on the issues raised by the affirmative defenses and, while holding against the surety on the first defense, held with it on the second, and entered judgment that Myers-Western recover nothing from the surety on the performance bond. No adjudication was made, however, with respect to liability on the payment bond. No adjudication was made as to the liability of either Myers-Western or Haddad for breach of contract, but trial of the issues with respect thereto was delayed while appeals from the adjudication on the liability of the surety were taken. Myers-Western has appealed from the adjudication that the surety was discharged from liability under the performance bond. The surety has filed a cross appeal complaining of the failure of the court to hold that it was discharged from liability under the payment bond.

■ It is perfectly clear that, since the court made no adjudication as to liability on the payment bond, there is no basis for the cross appeal. It is equally clear, we think, that the appeal from the adjudication on the performance bond is fragmentary and must be dismissed as premature. The appellate jurisdiction of this court extends only to the review of "final decisions" of the District Courts, except in a limited class of cases not here material. 28 U.S.C.A. § 225. As was said by the Supreme Court in Arnold v. United States for Use of W. B. Guimarin & Co. 263 U.S. 427, at page 434, 44 S.Ct. 144, 147, 68 L.Ed. 371: "It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohrst v. [Hamburg-American] Packet Co. 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. [W. & S.] Job, 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited." See also Bowles v. Commercial Casualty Ins. Co., 4 Cir., 107 F.2d 169; Hyman v.

McLendon, 4 Cir., 102 F.2d 189, 190; Fields v. Mut. Benefit Life Ins. Co., 4 Cir., 93 F.2d 559, 561; Lockhart v. New York Life Ins. Co., 4 Cir., 71 F.2d 684; Toomey v. Toomey, 80 App.D.C. 77, 149 F.2d 19.

Rule 54(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, made a change in existing practice to the extent of permitting final judgment, from which appeal may be taken, to be entered at any stage of a proceeding "upon a determination of issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim." Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 1087, 86 L.Ed. 1478; Bowles v. Commercial Casualty Ins. Co. supra; Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83. It is clear, however, that for a judgment which does not determine all of the issues involved in an action to be final and appealable under the rule, it must make a final determination and disposition of a claim which is "entirely distinct" from other claims involved. "The Rules make it clear that it is 'differing occurrences or transactions, which form the basis of separate units of judicial action.' Atwater v. North American Coal Corporation, 2 Cir., 111 F.2d 125, 126. And see Moore, op.cit. 92–101; 49 Yale L. Journ. 1476. If a judgment has been entered which terminates the action with respect to such a claim, it is final for purposes of appeal under § 128 of the Judicial Code." Reeves v. Beardall, supra. And see Atwater v. North American Coal Corporation, 2 Cir. 111 F.2d 125; Hunteman v. New Orleans Public Service, 5 Cir., 119 F.2d 465; Baltimore & O. R. Co. v. United Fuel Gas Co., 4 Cir., 154 F.2d 545; and note to Amended Rule 54(b) 5 F.R.D. 472–473.

The case at bar certainly does not fall within the exception to the practice introduced by Rule 54(b). The "transaction or occurrence" which was the subject matter of the claim of Myers-Western as well as that of Haddad was the subcontract entered into between the two. The liability of the National Surety Company was not only inseparably connected with that of Haddad, it was merely secondary to that liability. There could be no liability on its part separate from that of Haddad; and whether it was released from liability as found by the court below or not, there would be no liability on its part unless Haddad was liable to Myers-Western on the counterclaim asserted. Whatever decision we might render on the appeal before us, the primary question in the case would still remain to be tried; and if we should reverse the decision below and hold the surety liable on the bond, there would still be no liability on its part, if Haddad should be held not liable on the claim asserted against him.

What has happened is that a surety, only secondarily liable, has come into court and assumed control of the litigation, has tried out the question of its secondary liability before the primary questions in the case have been determined, and has delayed the hearing on these primary questions while an appeal is taken to settle the question of its secondary liability, which may ultimately turn out to be of no practical importance whatever. Whether a surety should be allowed to try its case in the lower court in this piecemeal fashion, to the delay of the hearing on the primary issues in the case, is a matter which, in the absence of abuse, rests in the sound discretion of the trial judge; and as to this we will only remark that such a piecemeal trying of the case is not justified, in our opinion, by the fact that the surety will be saved expense in establishing its other defenses, if this defense is sustained. It has assumed a position of secondary liability with knowledge of what that entails and should not be permitted to have the determination of the primary issues of the case postponed while it is having the court determine in advance whether there would be liability on its part if liability were to be found on the part of its principal. Whatever may be proper in the District Court, however, we have jurisdiction only where appeal is taken from the final judgment in the case; and it is too well settled to admit of argument that the judgment here is not a final judgment within the meaning of the statute.

It is worthy of note that the Amended Rules recently adopted by the Supreme Court, but which have not yet gone into effect, reestablish the old practice even as to claims which are separate and distinct, except that the court may enter final judgment in the case of such claims "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment". 5 F.R.D. 472.

We have considered the argument that for the convenience of the parties and to avoid delay we should pass now upon the matter which they attempt to present by the appeal; but we clearly have no jurisdiction to do this, as the judgment from which appeal is taken is not a final judgment in the case within the meaning of any rule with which we are familiar. It is settled that the parties cannot by consent confer jurisdiction upon us, and the fact that the jurisdictional point was not raised by them is immaterial. It is the duty of the court of its own motion to notice lack of jurisdiction. Reconstruction Finance Corporation v. Katz, 9 Cir., 156 F.2d 215, 217; City of Louisa v. Levi, 6 Cir., 140 F.2d 512, 513. Even if we had discretion in the matter, which we do not have, it ought not be exercised in favor of allowing the appeal in a case like this; for to permit a fragmentary appeal of this sort would set a precedent fraught with grave danger to orderly appellate practice. It is urged that we treat the judgment as a declaratory judgment; but the answer is that it is not a declaratory judgment and that the case is not a proper one for the entry of a declaratory judgment of this character, as the rule is well settled that a declaratory judgment is not proper for the purpose of determining in advance the validity of defenses in a pending action or of trying a case by piecemeal. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325.

For the reasons stated the appeal and the cross appeal should be dismissed as fragmentary and premature. We express no opinion whatever as to the correctness of the adjudication from which appeal was attempted. That must be treated as an adjudication partial and interlocutory in character subject to the control and revision of the trial judge until the entry of final judgment, when it, along with the rulings on other matters in the case, can be brought before us by appeal from the final judgment.

Appeals dismissed.