## JIFFY LUBRICATOR CO., Inc. v. STEWART–WARNER CORPORATION.

### No. 5979.

United States Court of Appeals Fourth Circuit.

Argued Oct. 7, 1949.

Decided Oct. 10, 1949.

Leonard L. Kalish, Philadelphia, Pa. (Guy B. Hazelgrove, Littleton M. Wickham, and Williams, Mullen & Hazelgrove, Richmond, Va., on brief), for appellant.

Thomas B. Gay, Richmond, Va. (Winston, Strawn, Shaw & Black, Hinkle, Horton, Ahlberg, Hansmann & Wupper, Chicago, Ill., Hunton, Williams, Anderson, Gay & Moore, Richmond, Va., John D. Black and Elwood Hansmann, Chicago, Ill., on brief), for appellee.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is a motion to dismiss an appeal from an order transferring a civil action from the Eastern District of Virginia to the Northern District of Illinois for the convenience of parties and witnesses pursuant to 28 U.S.C.A. § 1404(a). Plaintiff is a North Dakota corporation, defendant a corporation of Virginia, having its office and principal place of business in the Northern District of Illinois. The action was one for treble damages on account of patent infringement and the transfer was made in the interest of justice for the convenience of parties and witnesses on affidavits which amply justified the transfer. There is nothing to indicate any abuse of discretion in entering the order.

The motion to dismiss must be granted on the ground that the order transferring the case is not a final order from which an appeal lies under 28 U.S.C.A. § 1291. As was said by the Supreme Court in Arnold v. United States for use of W. B. Guimarin & Co., 263 U.S. U.S. 427, at page 434, 44 S.Ct. 144, at page 147, 68 L. Ed. 371: "It is well settled that a case may not be brought here by writ of error or appeal in fragments, that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or de-

cree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Ho'horst v. [Hamburg-American] Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. [W. & S.] Job [& Co.], 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited." See also Western Contracting Corp. v. National Surety Corp., 4 Cir., 163 F.2d 456; Bowles v. Commercial Casualty Ins. Co., 4 Cir., 107 F.2d 169; Hyman v. McLendon, 4 Cir., 102 F.2d 189, 190; Fields v. Mut. Benefit Life Ins. Co., 4 Cir., 93 F.2d 559, 561; Lockhart v. New York Life Ins. Co., 4 Cir., 71 F.2d 684; Toomey v. Toomey, 80 U.S.App.D.C. 77, 149 F.2d 19.

■ The general rule is well settled that an order granting or refusing change of venue is not appealable unless expressly made so by statute. 3 C.J. p. 473; 4 C.J.S., Appeal and Error, § 115; 2 Am.Jur. 899-900; Shay v. Rinehart & Dennis Co., 116 W.Va. 24, 178 S.E. 272, and cases there cited. There is no federal statute expressly granting an appeal from such orders; and the federal decisions follow the general rule that they are not appealable. Cook v. Burnley, 11 Wall. 659, 672, 20 L.Ed. 84; Kennon v. Gilmer, 131 U.S. 22, 24, 9 S.Ct. 696, 33 L.Ed. 110.

■ Counsel for plaintiff rely upon decisions permitting appeals from dismissals in application of the principle of forum non conveniens; but these decisions are not in point. A dismissal in application of that or any other principle puts an end to the action and hence is final and appealable. An order transferring it to another district does not end but preserves it as against the running of the statute of limitations and for all other purposes. The notion that 28 U.S.C.A. § 1404(a) was a mere codification of existing law relating to forum non conveniens is erroneous. It is perfectly clear that the purpose of this section of the Revised Judicial Code was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of forum non conveniens would have been appropriate or not. See Ex parte Collett 337 U.S. 55, 69 S.Ct. 944, 959; Kilpatrick v. Texas & P. R. Co., 337 U.S. 75, 69 S.Ct. 953; United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, and Amalgamated Association, etc., v. Southern Bus Lines, 5 Cir., 172 F.2d 946, 948. As said by Judge Sibley in the case last cited: "Dismissal for inconvenience is not to be visited except when the choice of forum is a real hardship, or an imposition on the court. But here again we meet the Revision of Title 28, for Section 1404 providing for a change of venue is: '(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.' * * * Transfer is a less drastic matter than dismissal, for it involves no loss of time or pleading or costs; and no doubt a broader discretion may be exercised in ordering it."

■ We think it equally clear that the order is not appealable under 28 U.S.C.A. § 1292(1) as one granting an interlocutory injunction. It should require no discussion to demonstrate that an order transferring or refusing to transfer a case for trial is not one granting or denying an interlocutory injunction and furnishes no ground for the application of the principle applied in the cases of Enelow v. N. Y. Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, and Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176, a principal expressly limited to cases of that sort by the recent decision of the Supreme Court in City of Morgantown, W. Va., v. Equitable Ins. Co., 337 U.S. 254, 69 S.Ct. 1067. See also opinion of this Court in that case, 4 Cir., 169 F.2d 713.

■ Finally, we think that, even if the order were appealable, the appeal should be dismissed as presenting no question of substance for our consideration. City of Morgantown v. Royal Ins. Co., supra, 169 F.2d at page 714. Whether the judge below should have removed the case was a matter resting in his sound discretion. See Stroud v. United States, 251 U.S. 15, 20,

40 S.Ct. 50, 64 L.Ed. 103; Kennon v. Gilmer, supra; and there is nothing in the record to indicate that the discretion was abused. In this posture of the case, there is no reason why we should entertain an appeal lacking in all substance.

For the reasons stated, the appeal will be dismissed. A motion made by the appellee to stay proceedings pending action by the Court of Appeals of the Eighth Circuit on a petition for rehearing will be denied, without prejudice to the right of appellee to make such motion before the court to which the case has been transferred.

Appeal dismissed.