**Ella Fischer BEURY and John Farr Simons, Co-executors of the Estate of Charles E. Beury, deceased, et al., Appellants,**

**v.**

**William BEURY et al., Appellees.**

**No. 6961.**

United States Court of Appeals
Fourth Circuit.

Argued April 21, 1955.

Decided May 9, 1955.

Edward W. Eardley, Charleston, W. Va. (Stanley C. Morris, Charleston, W. Va., Arthur R. Harris, Philadelphia, Pa., Edwin P. Rome, Philadelphia, Pa., Steptoe & Johnson, Charleston, W. Va., and Scarborough & Harris, Philadelphia, Pa., on the brief), for appellants.

William H. Timbers, Gen. Counsel, Washington, D. C. (Thomas G. Meeker, Asst. Gen. Counsel, and Aaron Levy, Washington, D. C., Atty., on the brief),

for Securities and Exchange Commission, amicus curiae.

George Richardson, Jr., Bluefield, W. Va. (Joseph M. Sanders, Joseph M. Crockett, Welch, W. Va., Richardson, Hudgins & Hancock, Sanders & Sanders, Bluefield, W. Va., and Crockett & Tutwiler, Welch, W. Va., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order quashing service of process upon two non-resident defendants in a stockholders' derivative action to recover damages against certain directors for alleged mismanagement and fraud on the corporation. The non-resident defendants were served on the theory that relief was asked under the Securities Exchange Act of 1934, 15 U.S.C.A. 78a et seq., as well as under common law and equitable principles. The judge below quashed the service of process on the non-residents on the ground that a cause of action under the Securities Exchange Act was not alleged.

While we do not agree with the reasoning of the judge below that the Securities Exchange Act confers jurisdiction to entertain only those actions which involve some right of recovery which goes beyond those common law rights which might have been adjudicated and enforced by appropriate action in a state or federal court prior to the passage of that act, we need not decide whether the complaint here states a cause of action under the act as properly interpreted, for the reason that the case is not properly before us. The order quashing service of process as to the two defendants was in no sense a final order from which an appeal lies to this court. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443; National Bank of Rondout, N. Y. v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L. Ed. 441; Oneida Navigation Corp. v. W. & S. Job & Co., 252 U.S. 521, 40 S.Ct. 357, 64 L.Ed. 697; Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 147, 68 L.Ed. 371. As said in the case last cited:

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. [Hamburg-American] Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. [W. & S.] Job [& Co.], 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited."

It is argued that the trial judge decided adversely to plaintiff and in favor of all defendants on the cause of action asserted under the Securities Exchange Act; but there is nothing to that effect in the order from which the appeal is taken. Furthermore, under rule 54(b), Fed.Rules Civ.Proc. as amended Dec. 27, 1946, 28 U.S.C.A., appeal may be taken from a decision on less than all of the claims involved in an action, only where the trial judge directs the entry of final judgment with respect thereto and makes the determination provided in the rule. The rule provides: "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

For the reasons stated, the motion to dismiss the appeal must be granted.

Appeal dismissed.