**MONTGOMERY WARD & CO., Incorporated, Appellant,**

v.

**The COLLINS' ESTATE, Inc., Appellee.**

**No. 7287.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 5, 1956.

Decided Oct. 9, 1956.

T. Sam Means, Jr., Spartanburg, S. C. (David L. Dickson, Chicago, Ill., on the brief), for appellant.

Alfred F. Burgess, Greenville, S. C. (J. Hertz Brown, Spartanburg, S. C., Wyche, Burgess & Wyche, and C. T. Wyche, Greenville, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

■ This is an appeal from an interlocutory order in an action at law in which the District Judge gave answer to certain basic questions involved in the controversy between the parties and referred the case to a special referee to hear evidence and state an account between the parties in accordance with the law as laid down in the order. A motion to dismiss the appeal has been made and must be granted, as it is perfectly clear that the order appealed from is not a final order in the cause and is not in the class of interlocutory orders from which appeal is allowed. As said in the case of Arnold v. United States for Use of W. B.

Guimarin & Co., 263 U.S. 427, 44 S.Ct. 144, 147, 68 L.Ed. 371:

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. [W. & S.] Job [& Co.], 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited."

■ This is a case in which decision on the question which appellant desires to present by the appeal might, if his contentions were sustained, end the litigation or advance its ultimate termination; and much is to be said in favor of granting a right of appeal from interlocutory orders in such cases.[1] The amendment of the statute, however, is a matter for Congress, not for the courts; and under the law as it now stands we have no option but to dismiss the appeal, since we are given jurisdiction of appeals from final judgments only, except in the special cases enumerated in 28 U.S.C. § 1292. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; City of Morgantown, W. Va. v. Royal Ins. Co. Ltd., 337 U.S. 254, 69 S.Ct. 1067,

1. The Judicial Conference of the United States at the September 1953 meeting approved a recommendation of one of its committees that section 1292 of Title 28 of the United States Code be amended by adding thereto the following:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal

from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

93 L.Ed. 1347; International Nickel Co. v. Martin J. Berry Inc., 4 Cir., 204 F.2d 583; International Refugee Organization v. Republic S. S. Corp., 4 Cir., 189 F.2d 858; County Bank, Greenwood, S. C. v. First National Bank of Atlanta, 4 Cir., 184 F.2d 152; Western Contracting Corp. v. National Surety Co., 4 Cir., 163 F.2d 456; Cox v. Graves, Knight & Graves, 4 Cir., 55 F.2d 217, 218; Steel & Tube Co. of America v. Dingess Rum Coal Co., 4 Cir., 3 F.2d 805.

Appeal dismissed.