**Loren E. THOMPSON, d/b/a Parkersburg Die & Tool Company,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7491.**

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs Nov. 11, 1957.

Decided Nov. 22, 1957.

Lawrence M. Ronning, R. E. Stealey, Ronning & Bailey, and Stealey & Handlan, Parkersburg, W. Va., on brief for appellant.

Albert M. Morgan, U. S. Atty. and Robert J. Schleuss, Asst. U. S. Atty., Fairmont, W. Va., on brief for appellee.

Before PARKER, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMSEN, District Judge.

PER CURIAM.

This is an appeal in an action brought by the United States to recover damages

for breach of contract. The defendant in his answer asserted counterclaims for damages arising out of the same contract. The counterclaims were dismissed and stricken from the answer on the ground that the court had been given no jurisdiction to entertain them, and from the order of dismissal the defendant brings this appeal.

■ It is clear that the appeal of defendant is premature and must be dismissed. The order appealed from did not terminate the action between the parties, but merely struck the counterclaims from the answer, leaving the case undecided on the issues raised by the allegations of the complaint and the denial thereof in the answer. It was, therefore, not a final order from which appeal could be taken to this court. Flynn & Emrich Co. v. Greenwood, 4 Cir., 242 F.2d 737; South Carolina State Highway Dept. v. The Fort Fetterman, 4 Cir., 236 F.2d 221; Cox v. Graves, Knight & Graves, 4 Cir., 55 F.2d 217; Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 147, 68 L.Ed. 371. As said by the Supreme Court in the case last cited:

"It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corp. v. W. & S. Job & Co., 252 U.S. 521, 522, 40 S.Ct. 357, 64 L.Ed. 697; and cases therein cited."

■ Although the appeal must be dismissed for lack of jurisdiction, we think that, in the interest of a prompt disposition of the litigation involved, we should say, in line with our action in Carolina Mills, Inc., v. Corry, 4 Cir., 206 F.2d 76, 77, and Ford Motor Co. v. Milby, 4 Cir., 210 F.2d 137, that all of the judges of this court are of opinion that the counterclaims here involved may be asserted in the action instituted by the United States. They arise out of contract and involve less than the sum of $10,000. Congress has given its consent in the Tucker Act, 28 U.S.C. § 1346(a)(2), that the United States be sued on such claims in the District Courts; and we can think of no sound reason why the suit should not take the form of counterclaim filed to a suit instituted by the United States in a District court, where the amount of the counterclaim does not exceed $10,000. As said by Chief Judge Magruder, speaking for the court of Appeals of the First Circuit in United States v. Silverton, 1 Cir., 200 F.2d 824, 827:

"It is conceded by the government that the defendant in this case could have brought an original action in the court below against the United States for breach of contract, under the Tucker Act. If he had done so, of course the court below, under Rule 42 F.R.C.P., 28 U.S.C., could have consolidated such action with the pending action brought by the United States. It would be the emptiest technicality to hold that the same jurisdiction could not be invoked by way of counterclaim in the action already brought by the United States."

■ As the order which we are asked to review is not final, the trial judge has power to reconsider his action in granting same; and he may think proper to do so in the light of what is here said.

As the appeal is premature, it will be dismissed.

Appeal dismissed.