UNITED STATES, to the Use of David J. MUSTIN, John A. Mustin, and L. D. Mustin, Sr., Co-partners Doing Business as Mustin Brothers Plastering Company, Appellants,

v.

AL-CON DEVELOPMENT CORPORATION, a California corporation, Hartford Accident and Indemnity Company, a Connecticut corporation, and Great American Indemnity Company, a New York corporation, Appellees.

No. 7920.

United States Court of Appeals Fourth Circuit.

Argued Oct. 22, 1959.

Decided Nov. 13, 1959.

Howard I. Legum, Norfolk, Va. (Louis B. Fine, and Fine, Fine, Legum, Weinberg & Schwan, Norfolk, Va., on brief), for appellants.

William Earle White, Jr., Richmond, Va. (Wm. Earle White, Petersburg, Va., Minor, Thompson & White, Richmond, Va., and White, Hamilton, Wyche & Shell, Petersburg, Va., on brief), for appellees.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

BOREMAN, Circuit Judge.

Appellants, plaintiffs, instituted a civil action under the Miller Act, 40 U.S.C.A. § 270a et seq., against Al-Con Development Corporation, a general contractor, and the bonding companies for Al-Con. Plaintiffs, in their amended complaint, in addition to claims for labor performed and materials furnished under their subcontracts, alleged damages of $60,043.39 due to delay by Al-Con in its performance under the main contract.

The subcontracts between Al-Con and plaintiffs provided, in effect, that plaintiffs should not make any claim against Al-Con (or the owner) for any

delay caused by any act or order of Al-Con and that plaintiffs expressly waive any and all claims for damages for any such delays. Relying upon the contractual provisions, defendants filed their motion for summary judgment as to the portion of the plaintiffs' claim based on alleged delay. Plaintiffs filed answer to the motion, attaching thereto an affidavit indicating an oral waiver by Al-Con of these contractual provisions and an agreement to pay to the plaintiffs damages for delay caused by Al-Con. The court entered an order granting summary judgment for the defendants as to the plaintiffs' claim of damages for delay, adjudging that the defendants "receive their costs and charges in this behalf expended and have execution therefor". From this order plaintiffs prosecute this appeal.

We are of the opinion that this appeal is premature and must be dismissed. Rule 54(b) of the Rules of Civil Procedure, 28 U.S.C.A., provides:

> "Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

1. Title 28 U.S.C. § 1292(b).
    "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal

In Gunther v. E. I. Du Pont De Nemours & Co., 4 Cir., 1958, 255 F.2d 710, 717, this court, speaking through Judge Soper, construed Rule 54 and stated: "* * * The court may direct a final judgment upon less than all of the claims only when it determines that there is no reason for delay and expressly directs the entry of the judgment, and if such action is not taken the adjudication is not final." Here, the order granting summary judgment did not contain the express determination that there is no just reason for delay and an express direction for the entry of judgment as required by the rule. See Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311; Town of Clarksville, Va. v. United States, 4 Cir., 1952, 198 F.2d 238. Nor did the district judge certify under Title 28 U.S.C. § 1292(b) [1] that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

■ The order appealed from did not terminate the action between the parties but disposed only of the claim of the plaintiffs for damages due to delay, leaving the case undecided on the issues raised by the complaint and the denial thereof in the answer as to claims for labor and materials furnished under the subcontracts. As stated by this court in Thompson v. United States, 4 Cir., 1957, 250 F.2d 43, and quoting from Arnold v. United States for Use of W. B. Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 147, 68 L.Ed. 371,

> " 'It is well settled that a case may not be brought here by writ of error or appeal in fragments; that to be reviewable a judgment or decree

from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: * * *."

must be not only final, but complete, that is, final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved; and that if the judgment or decree be not thus final and complete, the writ of error or appeal must be dismissed for want of jurisdiction. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 264, 13 S.Ct. 590, 37 L.Ed. 443; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Oneida Navigation Corporation v. W. & S. Job & Co., 252 U.S. 521, 522, 40 S. Ct. 357, 64 L.Ed. 697; and cases therein cited.'"

Appeal dismissed.