## ALLEN B. WRISLEY DISTRIBUTING CO. v. SEREWICZ et al.

No. 8917.

Circuit Court of Appeals, Seventh Circuit.

Nov. 11, 1946.

Robert H. Moore, of Gary, Ind., and James J. McGarvey, of Valparaiso, Ind., for appellants.

Frank D. Mayer and Wm. J. Welsh, both of Chicago, Ill., and Edwin H. Friedrich and Bernard A. Petrie, both of Hammond, Ind. (Crumpacker & Friedrich, of Hammond, Ind., and Mayer, Meyer, Austrian & Platt, of Chicago, Ill., of counsel), for appellee.

Before SPARKS and MAJOR, Circuit Judges, and HOLLY, District Judge.

HOLLY, District Judge.

This is an action in replevin by plaintiff to recover possession of soap, rubber and certain manufacturing equipment delivered by plaintiff to defendant, Albert E. Serewicz (who afterwards took the other defendants into partnership) under the terms of a contract providing for the manufacture of soap novelties by Albert Serewicz of which plaintiff was to be the sole distributor. The contract provided for cancellation on ten days' notice for failure on the part of either party to comply with certain minimum requirements or to perform his or its part of the agreement. Differences arose between the parties, and plaintiff, after demand made, brought this action for the recovery of material it had delivered to defendants. It recovered judgment but that judgment was reversed and remanded by this court (145 F.(2d) 169) solely because of the failure of plaintiff to give the ten days' notice of cancellation of the contract before commencing suit. After the mandate of this court was filed in the District Court the parties appeared there and from the transcript of the record it appears there was some colloquy between the court and counsel following which the court entered certain conclusions of law, based upon evidence heard at the original trial, holding that plaintiff was the owner of and had title to all the property taken by the marshal under the writ of replevin except an undetermined amount of defendants' rubber; that the defendant had a special interest amounting to $900.35 as manufacturer's profit in said property belonging to plaintiff; that at the time of the issuance of the writ of replevin defendants were entitled to possession of all the said property; that the determination of any additional amount which might represent the value of any special interest, other than the manufacturer's profit, which defendants might have in said property belonging to plaintiff and any damages to which the defendants might be entitled on account of the taking and detention by plaintiff of said property under said writ of replevin should be reserved until the trial of the other issues in said cause which had not theretofore been tried. Further, that the determination of the amount of defendants' property commingled as set forth in the findings entered in the original hearing as well as the determination of the value thereof and any damages to which defendants might be entitled for the taking and detention thereof by plaintiff under said writ of replevin should likewise be reserved until the trial of the other issues which had not theretofore been tried and should be one of the issues to be determined at said trial.

Thereupon the court entered judgment that the plaintiff return to defendants all of the personal property taken under the writ of replevin; that in the alternative and upon the failure of the plaintiff to return

said property to the defendants forthwith the defendants have a judgment against the plaintiff in the sum of $900.35; that the proceedings should remain pending as to all issues not tried including the determination of any additional amount which might represent the value of any special interest other than a manufacturer's profit, which the defendants might have in the property belonging to the plaintiff taken under the writ of replevin and of any damages to which the defendants might be entitled on account of the taking and detention by the plaintiff of said property under said writ, including the determination of the amount of defendants' property commingled with plaintiff's property, the value thereof and any damages to which defendants might be entitled for the taking and detention of any said property commingled, and retaining jurisdiction to hear and determine any further proceedings in this case including the foregoing.

Defendants have appealed urging that because of the commingling of defendants' property with that furnished by plaintiff defendants are entitled to the return of all the material, plaintiff's as well as defendants', or in the alternative a judgment for $14,000.

It is elementary that except in special instances prescribed by statute a judgment to be appealable must be complete and final as to all the parties and the whole subject matter therein involved. Craighead v. Wilson, 18 How, 199, 15 L.Ed. 332, In re Prindible, 3 Cir., 115 F.2d 21. In the order appealed from nothing is settled except that the court has found that defendants are entitled to recover $900.35 manufacturer's profit of which defendants were deprived by the action of plaintiff. All of the other issues in the case, including the determination of the amount of defendants' property commingled with plaintiff's and the amount of damages to which defendants may be entitled as a result thereof and any other damages defendants may be entitled to as a result of plaintiff's action were expressly reserved for future hearing. The Court could not have settled these issues as no evidence on them had been offered by either side.

This appeal must be dismissed and the case remanded. Defendants as well as plaintiff will then have opportunity to present evidence on these undecided issues.

Appeal dismissed.