EAST et al. v. BOWLES, Administrator, OPA.

No. 11667.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1946.

Rehearing Denied Jan. 7, 1947.

228

Harry S. Pollard, of Austin, Tex., for appellants.

Irving M. Gruber, Chief, General Litigation Branch, of Washington, D. C., J. M. Burnett, U. S. Atty., and William P. Dobbins and Van H. Howard, Jr., Attys., OPA, all of San Antonio, Tex., and David London, Dr., Litigation Div., OPA, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, Albert M. Dreyer, Chief, Appellate Branch, and Abraham H. Maller, Sp. Appellate Atty., OPA, all of Washington, D. C., and Leonard M. Cox, Regional Litigation Atty., of Dallas, Tex., on the brief), for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

The suit brought under Section 205(e) of the Emergency Price Control Act[1] was for statutory damages on account of two sales of poultry above ceiling price. The claim was that though the price per pound stated in the invoice accompanying each shipment was within the ceiling, each shipment was short in weight, and the invoice for the shipment as a whole represented an actual overcharge per pound. The defense was a denial of a violation in that the overcharge, if any occurred, was not willful or intentional, nor was it the result of a failure to take practicable precautions against the occurrence of a violation.

On plaintiff's part, there was evidence: that defendants had shipped to Bachelor Officers Mess by Brown Express eight boxes of frozen dressed poultry, 800 pounds prepaid, and three boxes dressed poultry, 300 pounds prepaid; that they had invoiced the shipments as 800 pounds fryers at 45¢, $360.00; and 300 pounds fryers at 45¢, $135.00; that consignee had weighed the shipments and found them short; and that the amount charged for the poultry was in excess of the ceiling price.

Defendants' evidence was to the effect; that they did everything they could to make their shipments correct; that if the shipments were short, it was not intentional but due to unintentional error or mistake; that they supposed that the poultry would be weighed upon receipt; and that as soon as they learned of the claim that the poultry was short, they returned the check for the original invoice and sent a new invoice for the amount the consignee claimed to have received. One of the defendants, Alvin G. East, testified that as a matter of fact he knew nothing about the shipments except what his records showed.

The evidence concluded, the jury returned a verdict on special issues, finding: (1) that the shipments were short in weight; (2) that defendants had not willfully or intentionally delivered less than the weight billed for; and (3) that the short delivery was not the result of a failure to take practicable precautions. Defendants moving for judgment on this verdict, insisted that since the jury had acquitted the defendants both of willfulness and want of care, defendants should have had judgment. The district judge overruled this motion and gave judgment against defendants for the amount of the overcharges, but not for treble damages.

Defendants are here urging that the finding of the jury, that the short weight in the shipments was the result neither of willfulness nor of failure to take practicable precautions, was a complete exoneration of defendants and constituted a complete defense to the suit. Pointing out that the violation complained of here was not that the per pound price stated in the invoice was above the ceiling but that, though the stated per pound price was correct,

<hr>

[1] 50 U.S.C.A.Appendix § 901 et seq.

the total number of pounds charged for was short, appellants insist that the cases of sales of specific articles for an above ceiling price, on which the government relies,[2] are not in point, and that no violation is made out here without showing that the weight-shortage was intentional.

We cannot agree. It is just as much an overcharge to bill a shipment at the correct price per pound with the poundage short as to bill the shipment at a price per pound above ceiling would be.[3] The jury's verdict did indeed furnish a basis for denying plaintiff the recovery of treble damages. It did not furnish any basis for denying all recovery. Indeed, it furnished the basis for the judgment entered. It found that the shipment was short by a number of pounds, and the undisputed evidence established that, figured at the correct rate per pound, the amounts charged for the two shipments were excessive to the extent of $156.85, the amount recovered.

The judgment was right. It is affirmed.

---

[2] Bowles v. Hastings, 5 Cir., 146 F.2d 94; Bowles v. Indianapolis, 7 Cir., 150 F.2d 597; Shearer v. Porter, 8 Cir., 155 F.2d 77; Kenney v. Hood, 5 Cir., 1946, 158 F.2d 226.

[3] Brown v. Mars, 8 Cir., 135 F.2d 843.