WOODS, Housing Expediter, v. KNICKERBOCKER et al.

No. 12487.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1949.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel and Benjamin I. Shulman, Spl. Lit. Atty., all of Washington, D. C., and H. C. Happ, Regional Atty. and J. Edwin Fleming, Lit. Atty., both of Dallas, Tex., for Housing Expediter.

Norman R. Crozier, Jr., of Dallas, Tex., for appellees.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The Housing Expediter proceeded against H. D. Knickerbocker and his sons Bruce R. Knickerbocker and R. C. Knickerbocker in respect to overcharges of rent on twenty-eight housing units subject to rent control, asking an injunction against future violations of the applicable Acts and Regulations, a restoration to the tenants of the overcharges, and a recovery of three times the overcharges collected since one year before the filing of the suit less the overcharges restored for that period; the tenants not having sued therefor.

Several days before the hearing the parties made a stipulation admitting overcharges on fourteen of the housing units, with dates and amounts. The defendants made out checks payable to the tenants for these and some other contested items and delivered them to the Expediter's attorney to be used if suit was not filed. The Expediter elected to proceed with the suit. An answer was filed which set up a number of defenses in law, which were not sustained and are not involved now. The overcharges stipulated as above were admitted, others denied, and some explained; and it was pleaded that none were wilfull or the result of a failure to take practicable precaution and that triple damages were not due. Mainly on the testimony of two of the defendants, which was not materially contradicted, the court adjudged the overcharges covered by the stipulation, and overcharges on seven other units, found against the remainder of them; awarded no damages; and denied an injunction. The Expediter, appealing, complains that 1. Overcharges on two units ought to have been for larger amounts. 2. Damages ought to have been allowed; and 3. An injunction ought to have been granted, especially on evidence of other violations erroneously excluded.

1. The brief for appellees is accompanied by an affidavit of H. D. Knickerbocker that he has refunded to each tenant the amount found due him by the judgment, and as to the two units where the Expediter claims too little was found he has refunded the full amounts which the Expediter asserts was due, the paid checks therefor being attached. The truth of this affidavit was not denied in argument before us. Taking it as conceded, there is no point in attempting to decide whether the judge or the Expediter was right as to the correct amount. The matter is moot.

2. As to damages, it is conceded that, by reason of limitation, only the overcharges since April 30, 1947, can be

considered, the suit having been filed April 30, 1948; and the complaint sues for none after June 30, 1947. Within these narrow time limits, whatever the amount of the overcharges may be, an award of some damages is due under Section 205(e) of the Price Control Act of 1942 as amended. 50 U.S.C.A.Appendix, § 925(e). The Expediter has succeeded to the rights of the tenants under this Section by their failure to sue. The overcharged tenant is authorized thereby to "bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) An amount not less than $25 nor more than $50 as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation order, or price schedule in question was neither willful, nor the result of failure to take practicable precautions against the occurrence of the violation." The defendants here pleaded this proviso, but we discover no attempt to prove what it requires, and the court did not find that they had proved what it requires. The proviso therefore does not govern. The liability is not here measured by the arbitrary $25 to $50 measure, because that measure is apparently less than the overcharges. So the measure is "not more than three times the amount of the overcharge, or the overcharges." It is not to be thought that this measure can be only the amount of the overcharges, because the proviso fixes that as the liability when no wilfullness and no want of precaution are shown. It must be something

between the amount of the overcharges and three times the overcharges. The discretion of the court does not extend to nullifying the intent of the statute that something more than mere restoration be imposed unless the proviso is by proper proof brought into operation. On these questions see Bowles v. Hasting, 5 Cir., 146 F.2d 94; East v. Bowles, 5 Cir., 158 F.2d 227; Porter v. Maule, 5 Cir., 160 F.2d 1; McCoy v. Fleming, 5 Cir., 160 F. 2d 4. On this question of damages the judgment must be reversed, with leave to the defendants to prove, if they can, that they are within the proviso; and if not, that the court may exercise its discretion as to the amount to be fixed as damages over and above mere restoration.

3. On the question of an injunction, its grant is within the sound discretion of the court under all the circumstances of the case. Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 88 L.Ed. 754. Proof here was offered that H. D. Knickerbocker at some previous time had confessed and paid up other overcharges and signed a statement that he would comply with the rent law, but did not; also that he had made overcharges since this suit was filed. On objection, this evidence was ruled out as irrelevant to the overcharges in this suit. But it was expressly offered on the question of injunction and as tending to show wilfullness and that violations would continue if not enjoined. For this purpose the evidence was admissible and proper to be considered. For error in its rejection the question of the grant of injunction must also be reconsidered for the court's exercise of discretion in view of all the relevant circumstances.

The judgment is accordingly reversed as to the matters above indicated, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.