**WOODS, Housing Expediter, v. RAY.**

**No. 9666.**

United States Court of Appeals
Seventh Circuit.

March 17, 1949.

Rehearing Denied April 14, 1949.

KERNER, Circuit Judge, dissenting.

———◇———

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. General Counsel, and William A. Moran, Sp. Litigation Atty., Office of Housing Expediter, all of Washington, D. C., for appellant.

Edward M. Slocum and Paul A. Pfister, both of Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and WHAM, District Judge.

MAJOR, Chief Judge.

This is an appeal by the plaintiff from a judgment, entered April 21, 1948, in an action by the Housing Expediter for injunctive relief, restitution to tenants and statutory damages under Sec. 206 of the Housing and Rent Act of 1947, Title 50 U.S.C.A.Appendix, § 1896(b), and the Emergency Price Control Act of 1942, as amended, Title 50 U.S.C.A.Appendix, § 901 et seq.

In the beginning, we think it not unduly harsh to state that the proceedings below, as revealed by the record, as well as those in this court, have been so carelessly or negligently conducted as to make it doubtful if any issue is here for decision. It is not certain that the complete record is here, no statement of points relied upon by the plaintiff is included in the record, no contested issues as such are stated, thus making it necessary to pursue plaintiff's argument as found in his brief in order to ascertain the issues relied upon. More than that, the judgment appealed from is in favor of the plaintiff in that it orders restitution made to certain tenants. There is no judgment against the plaintiff on the issues which he raises in this court.

The complaint consists of three counts. The relief sought by the first count is an injunction predicated upon a violation of Sec. 206 of the Housing and Rent Act of 1947. The relief sought by the second count is also an injunction for violation of Sec. 4(a) of the Emergency Price Control Act of 1942 as amended, Title 50 U.S.C.A.Appendix, § 904(a). The relief sought by the third count is for treble damages predicated upon Sec. 205(e) of the Emergency Price Control Act of 1942 as amended Title 50 U.S.C.A.Appendix, § 925(e).

Thus, the plaintiff sought an injunction against the defendant, restitution in favor of the tenants for the overcharges and treble damages on behalf of the government for such overcharges as were made subsequent to July 1, 1947 the effective date of the Housing and Rent Act of 1947.

From the colloquy which took place between the court and counsel prior to the

commencement of the trial, it is difficult to discern the issues which were there relied upon. The court, however, made findings of fact and stated its conclusions of law. Finding 3 details the names of certain tenants and the amount of overcharge paid by each prior to June 30, 1947, in the amount of $155.50. Finding 4 names certain tenants who were overcharged subsequent to July 1, 1947, in the amount of $205.00.

In its conclusions of law, the court stated that the law is with the plaintiff and that the defendant should be required to make restitution to certain tenants, being the same as those named in finding 3 for the amounts therein stated.

The judgment appealed from reads:

"Ordered, Adjudged And Decreed, that the defendant Lillian Ray, make restitution to the following named tenants, the amounts set forth herein:

| | |
|---|---|
| Leo Paskash | $110.00 |
| Forest Bridgewater, Jr. | 35.00 |
| James R. Mullen | 10.50 |

"Judgment is entered on behalf of the plaintiff against the defendant for the costs of this action."

The names and the amount awarded to each as contained in this judgment are the same as those designated in the court's finding 3, as well as in its conclusion of law.

Plaintiff in his brief states that the appeal is from that part of a final judgment "which denied injunctive relief, restitution and statutory damages." Also, after referring to the court's judgment in his favor, plaintiff states what we suppose are the issues sought to be made in this court, as follows:

"The trial Court refused, however, to enter a judgment on behalf of the United States for statutory damages of the overcharge of $155.50 upon the count brought pursuant to Section 205(e) of the Act and to order restitution to the tenants of the entire amount of overcharges established by the evidence to have been received after July 1, 1947, and prior to February 1, 1947. It is from the Court's judgment denying relief to the extent indicated above, that this appeal is taken."

Thus, the appeal is not from the judgment entered which directed restitution in the amount of $155.50, but is from that part of the judgment which denied injunctive relief and statutory damages. The utter fallacy of this position resides in the fact that the court entered no judgment denying any kind of relief, and neither does the record furnish the slightest basis for the statement that the court refused to do so. As noted, the judgment entered was one of restitution in behalf of the tenants, as requested by the plaintiff. The record discloses no request or suggestion either prior or subsequent to the entry of the judgment that it should be in any form other than as entered. More than that, the record raises a strong inference that the form of judgment was prepared by plaintiff's attorney. In this respect, the record discloses at the conclusion of the trial the following colloquy:

"The Court: Will you prepare the entry, Mr. Simms?

"Mr. Simms: Yes, your Honor.

"The Court: That is all."

Also, the record shows that the court was informed that the defendant had sold the property and was therefore no longer renting it, and the record indicates that plaintiff's counsel acquiesced in the court's view that there was no need for an injunction.

In view of the condition of the record, we find no occasion to discuss the question as to whether plaintiff was entitled to relief other than that provided for by the judgment. Assuming that he was entitled to further relief, there is no judgment denying the same and neither was there any request for such a judgment or any complaint made either prior or subsequent to its entry. The appeal is from that part of an alleged judgment which does not exist. Assuming, further, that plaintiff had a right to appeal from the judgment which was entered in his favor and at his request, which we doubt, we know of no theory on which he could appeal from a judgment to which he thought he was entitled but which was not entered and upon which the court did not act, either one way or the other. See Arnold v. U. S., for

Use of W. B. Guimarin & Co., 263 U.S. 427, 434, 44 S.Ct. 144, 68 L.Ed. 371; Allen B. Wrisley Distributing Co. v. Serewicz et al., 7 Cir., 158 F.2d 721, 723; Cosme v. Marquez, 1 Cir., 94 F.2d 908, 910; Weiss v. District Title Ins. Co., 74 App. D.C. 126, 121 F.2d 900, 904; Cochran v. M & M Transp. Co., 1 Cir., 110 F.2d 519, 522, and Certain-teed Products Corp. v. Wallinger, 4 Cir., 89 F.2d 427, 429.

We therefore conclude that this court is without jurisdiction to decide the issues here presented which were not decided by the court below in the judgment appealed from. The appeal is, therefore, dismissed.

KERNER, Circuit Judge, (dissenting).

The complaint charged that defendant was the owner of a housing accommodation in Indianapolis, Indiana, and that defendant had violated the Act and regulations by demanding and receiving from five named tenants the sum of $462.50 in excess of the allowed maximum for the housing units in question. In his complaint, plaintiff prayed (1) for a judgment restraining defendant from further violation of the Act; (2) for a judgment ordering defendant to make restitution to the tenants in the amount of the overcharges; and (3) for a judgment that defendant pay to the United States as damages twice the amount of the overcharges.

Defendant in her answer admitted all the averments of the complaint, except that she denied that she had demanded and received rentals in excess of the maximum rents as prescribed by the respective Acts and the regulations issued thereunder. She did not plead the partial defense afforded by § 205(e), nor did she attempt to bring herself within its provisions.

Under § 205(e) an overcharged tenant is authorized to bring an action against the landlord on account of the overcharge, and if the tenant fails to sue, the Expediter succeeds to his rights, and the landlord shall be liable for an amount not more than three times that of the overcharge, as determined in the discretion of the court, or, in the alternative, an amount not less than $25 nor more than $50 if the latter is greater than three times the amount of the overcharge, but if the court should find that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation, the amount of the recovery shall be only the amount of the overcharge.

At the trial before the court without a jury, defendant offered no evidence. She stipulated that she had overcharged her tenants in the amount of $155.50. Thereupon a discussion ensued in which plaintiff's counsel contended that since the proofs showed that the overcharges amounted to $155.50, restitution should be made to the tenants and defendant should be ordered to pay to the United States as damages double the amount of the overcharges. The trial judge rejected the claim on the ground that he did not think it "fair that the Government should ask for it." Thus, upon this record, a question of law was presented which the court was required to pass upon. It did pass upon it. The court found that defendant had overcharged her tenants $155.-50; that the overcharges were neither willfully made nor made as the result of failure to take practicable precautions against the occurrence of the violation and entered a judgment that defendant make restitution to three of the tenants.

The purpose of this suit was for the court to determine whether defendant had violated the statute, and if so, whether judgment should be entered that she make restitution to the tenants in the amount of the overcharges, and that she pay to the United States as damages twice the amount of the overcharges.

It has been held that in the absence of a defense within the proviso contained in § 205(e) the amount to which plaintiff would be entitled "must be something between the amount of the overcharges and three times the overcharges. The discretion of the court does not extend to nullifying the intent of the statute that something more than mere restoration be imposed unless the proviso is by proper proof brought into operation." Woods v. Knickerbocker, 5 Cir., 171 F.2d 795, 797.

A judgment is the sentence of the law pronounced by the court upon the matter contained in the record. 3 Blackstone's Com. 395. It is the final consideration and determination of the court upon matters submitted to it in an action or proceeding. 49 C.J.S., Judgments, § 1, page 25.

The court, in the instant case, adjudicated the three distinct claims asserted in the complaint. It determined these issues, and entered the judgment in question. The judgment so entered was final and conclusive upon the parties. The judgment did not grant the relief prayed for by the complaint, nevertheless, by entering a judgment only for the overcharges the court terminated the litigation. True it is, the judgment evidenced no recognition of the claim of the United States for twice the amount of the overcharges, but it did establish that which had theretofore been in dispute. The judgment made a conclusive record of the rights and liabilities of the parties submitted to the court for decision. Hence, the demand of the United States for twice the amount of the overcharges must be held to have been rejected, and that demand could not again be litigated. It had been adjudicated for all time, and was merged into the judgment. Had plaintiff not appealed he would have been concluded by the judgment. Alexander v. Cosden, Pipe Line Co., 290 U.S. 484, 487, 54 S.Ct. 292, 78 L.Ed. 452. Where a judgment gives the successful party only a part of that which he seeks and denies him the balance with the result that injustice has been done him, he may appeal from the entire judgment. Automobile Ins. Co. v. Barns-Manley etc., 10 Cir., 168 F.2d 381, 386. A complainant who has received less than the relief demanded, is aggrieved by the judgment, and he may appeal. Blanchard v. Neill, 83 N.J.Eq. 446, 91 A. 811, and Scott v. Parkview Realty & Imp. Co., 241 Mo. 112, 145 S.W. 48, 50. See also United States v. Dashiel, 70 U.S. 688, 701, 3 Wall. 688, 701, 18 L.Ed. 268; Butte & B. Consol. Min. Co. v. Montana Ore Purchasing Co., 9 Cir., 121 F. 524, and Grant v. United States Shipping Board, etc., 2 Cir., 22 F. 2d 488.

I think we have jurisdiction of this appeal and we may inquire whether the court erred in entering the judgment appealed from.