## FEINBERG v. WHITE.
### No. 12452.

United States Court of Appeals
Fifth Circuit.

April 4, 1949.
Rehearing Denied May 5, 1949.

John C. Wynn, of Miami, Fla., for appellant.

Laurence A. Schroeder, Jr., of Miami, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Samuel Feinberg, a tenant, brought this suit under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e), to recover treble damages and attorney's fees for an alleged overcharge of rent, in violation of the Rent Regulations for Housing.

The complaint alleges that plaintiff leased and rented from defendant a certain dwelling house in Miami Shores, Dade County, Florida, for the six months period beginning on November 15th, 1946, and ending on May 15th, 1947, for the sum of $2,000, that the housing accommodation in question is within the Miami Defense-Rental Area, and subject to rent regulations establishing the maximum rental on the property at $75 per month, or $450 for the six month period during which the premises were rented; that defendant had, nevertheless, demanded and received from plaintiff the sum of $2,000 as rent for the property during this period, which amount constituted an overcharge of $1,550 under the applicable law and regulations. Emergency Price Control Act of 1942, Section 205(e); Rent Regulations for Housing, Miami Defense-Rental Area.

Defendant, in answer, admitted renting the property to plaintiff for the amount alleged during the six months period, but (1) denied that the accommodations were subject to rent regulation during the term or occupancy of the lease, and averred that there was no maximum rent applicable to the accommodations rented during this period; (2) alleged that the property involved was exempt from rent regulation

for the reason that it was in a resort community and was not rented during any portion of the period beginning on June 1, 1946, and ending on September 30, 1946, and that prior to November 1, 1943, the house had customarily been rented or occupied on a seasonal basis, so as to come within an exemption provided by the rent regulations for that area, effective September 18, 1946; (3) that, if there was any violation of the regulations, it was neither willful nor the result of a failure to take practicable precautions against the occurrence of such violation.

Plaintiff propounded interrogatories to defendant on the question of whether the accommodations had customarily been rented or occupied on a seasonal basis prior to November 1, 1943, in order to determine whether the property came within the exempting provision of the regulation. Defendant duly answered, whereupon plaintiff filed motion for summary judgment which was denied by the trial court. The court thereafter granted a motion by defendant for summary judgment, holding that the accommodations were within the exemption claimed, and therefore not subject to any rent regulation establishing the maximum rent allowable for the property.

The question presented is whether the trial court properly found, on the undisputed facts as established by the pleadings, that defendant's property was customarily rented or occupied on a seasonal basis prior to November 1, 1943, so as to exempt it from the rent regulations for housing applicable to the Miami Defense-Rental Area.

It is without dispute that on September 18, 1946, the Rent Regulations for Housing in the Miami Area were amended by providing for an exemption from October 1, 1946, to May 31, 1947, inclusive, of all housing accommodations located in a resort community and "customarily rented or occupied on a seasonal basis prior to November 1, 1943," which were not rented during any portion of the period beginning on June 1, 1946, and ending on September 30, 1946. The property in question is admittedly located in a resort community, and was not rented during the period outlined by the exemption, so that the only remaining requirement of the exempting provision is that the premises must have been "customarily rented or occupied on a seasonal basis prior to November 1, 1943".

As officially interpreted by the Chief Area Rent Attorney for the Miami Area Rent Office, in an affidavit in opposition to plaintiff's motion for summary judgment, the disputed phrase, "customarily rented * * * on a seasonal basis", includes housing accommodations rented in the summer as well as the winter, provided there is a substantial fluctuation or variation in the rent charged during the two seasons. As for the phrase, "customarily * * * occupied on a seasonal basis", this is interpreted to contemplate only winter occupancy by the owner, as distinguished from year-round occupancy.

The rental history of defendant's housing accommodation prior to November 1, 1943, includes the period from January 20, 1941, to November 1, 1943. Defendant first purchased the property in January, 1941, and thereafter rented it for a period of five weeks for $200 or approximately $160 per month. During March and April, 1941, the defendant himself occupied the house. From May 3, 1941, until some time in December, 1942, the house was rented to an Army Lieutenant stationed in Miami at a rental of $60 per month, and this tenant occupied the house continuously for a period of approximately nineteen or twenty months. His tenancy included and extended throughout one winter season, part of another winter, and two full off-season periods. After his departure, the house remained vacant for approximately a month. In the latter part of January, 1943, defendant again moved into the house and occupied it until June 1, 1943, after which he rented it to another Army Lieutenant at a rate of $75 per month, which amount was claimed to be the maximum rent allowable on the premises under the rent regulations. This latter tenant occupied the house until some time during December, 1943, or January, 1944, when he was transferred from the Miami Area.

A careful consideration of the undisputed facts, as established by the

pleadings, leads us to the conclusion that the accommodations in question were not "customarily" rented or occupied on a seasonal basis, within the purview and meaning of the applicable rent regulation. Rent Regulations for Housing, Miami Defense-Rental Area, Section 1(b) (6); Amendment 25, 11 F.R. 10518. Although the regulations do not define the term, the normally accepted meaning of the word "customarily" is usually, regularly, habitually, according to the custom, general practice or usual order of things. Fuller Brush Co. v. Industrial Commission of Utah, 99 Utah 97, 104 P.2d 201, 203; 129 A.L.R. 511; Vol. 10 Words and Phrases, Perm.Ed., page 735.

The rental and occupancy of the premises in question during the period from January 20, 1941, to November 1, 1943, patently reveals that the property was not usually rented or occupied on a seasonal basis. The character and term of occupancy of both army lieutenants, Hedrick and McDonough, as well as the non-fluctuating monthly rental consistently paid by each of these tenants, is entirely incompatible and inconsistent with extraordinary seasonal rental and occupation. The occupancy of Lieutenant Hedrick alone was for an uninterrupted period of over nineteen months, or well over one-half the total period of thirty-three months prior to November 1, 1941, during which time the property was supposed to have attained the character of a seasonal accommodation or dwelling. The property manifestly did not come within the purview of the exemption, and was therefore subject to the maximum rent established by the Rent Regulations for Housing.

■■ In view of the trial court's holding that there was no overcharge or violation because the accommodations were not subject to the rent regulations, the case must be remanded for additional evidence on the question of damages. If the violation appears to be neither willful, nor the result of defendant's failure to take practicable precautions to prevent its occurrence, treble damages may not be awarded. Cf. Woods v. Knickerbocker, 5 Cir., 171 F.2d 795.

It follows that the judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.