**SMITH et al. v. WOODS, Housing Expediter.**
No. 12842.

United States Court of Appeals
Fifth Circuit.
Dec. 21, 1949.

468

J. E. McLemore, Jr., Dallas, Tex., for appellants.

Francis X. Riley, Spl. Lit. Atty., OHE, Washington, D. C., Hugo V. Prucha, Asst. Gen. Cnsl., OHE, Washington, D. C., Benjamin I. Shulman, Spl. Lit. Atty., OHE, Washington, D. C., H. C. Happ, Regional Atty., OHE, Dallas, Tex., J. Edwin Fleming, Ch. Trial Unit, OHE, Dallas, Tex., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This action in equity was brought by the Housing Expediter for an injunction and restitution for rent overcharges collected prior to July 1, 1947, pursuant to Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901, et seq., and the regulations issued pursuant thereto. The same relief was also sought for violations occurring after July 1, 1947, pursuant to Section 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the regulations issued pursuant thereto.

The Housing Expediter alleged in his complaint that the defendants, as landlords, collected rent in excess of the legal maximum set for houses of the type here in question. The defendants filed a motion to dismiss the complaint as to all overcharges that allegedly occurred on and prior to November 11, 1947, on the ground that they were barred by laches and the one year statute of limitations. At the time of filing this motion, the defendants answered, denying generally the Expediter's allegations, and further pleading that their properties were not subject to the acts or regulations, because they were business properties by virtue of a Dallas ordinance which re-zoned this particular section of the city, making such section a business zone. Defendants again pleaded the statute of limitations. The motion to dismiss was overruled. The trial court found as a matter of law and fact that the alleged attempt to make these houses appear as business property, instead of residence property, was a subterfuge. On the basis of this finding, the court entered a final judgment restraining the defendants from violating the Housing and Rent Act, as amended, and the regulations issued pursuant thereto, and ordering restitution to the tenants of certain amounts found by him to be due them. From this judgment the defendants appealed to this court, assigning as error the failure of the trial court to grant their motion to dismiss because of laches and the one year statute of limitations, the overruling of their objection to a substitution of parties at the trial, and the finding of the court below that the property was not bona fide business property.

The one-year statute of limitations, imposed by the Emergency Price Control Act and the Housing and Rent Act in actions for damages, has no application to a suit by the Expediter for equitable relief. The Expediter's sole prayer for relief was equitable, and filed pursuant to Section 205(a) of the Emergency Price Control Act and Section 206(b) of the Housing and Rent Act of 1947. No relief was sought, and no claim in the nature of damages was pleaded pursuant to Section 205(e) of the Emergency Price Control Act, which provides for the one year statute of limitations, or pursuant to Section 206(a) of the Housing and Rent Act. There is no limitation as to the time in which the Expediter may bring suit for relief under either Section 205(a) of the Emergency Price Control Act or Section 206(b) of the Housing and Rent Act. Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Creedon v. Randolph, 5 Cir., 165 F.2d 918. Furthermore, laches is not imputable to the United States or to the Expediter in an action pursuant to Section 205(a) of the Emergency Price Control Act. Creedon v. Randolph, supra.

Appellants claim surprise because of the alleged substitution of new parties. The claims were specifically pleaded, and the appellants stipulated that the material portions thereof were correct. They evidently base their contention on the ground that they never had any rental agreement with the tenants who were named in the amendment. An express agreement is not necessary to create the relationship of landlord and tenant. The defendants accepted the rental payments from these parties for periods as long as two years. After accepting such rent, they cannot now claim that the protection of

470

this statute does not extend to the tenants because there was no contractual relationship. The tenants were entitled to possession for the periods for which they paid rent. Being in lawful possession of the premises, they were tenants within the intent of the Act and the scope of the regulations. The court below found that the appellants "knew very well these buildings were being used as residences," and that "even the testimony of the defendant herself, and, her husband" showed "they saw that people were sleeping there, and, residing there." This finding is supported by substantial evidence, and is not clearly erroneous. We are not at liberty to disturb it.

The housing accommodations involved here were one-story tarpaper-covered buildings. They each consisted of three rooms and a kitchenette. The appellants attempted to establish that they were business property on the ground that they were used as such and that the district in which they were located was zoned as a commercial district for light manufacturing and other businesses. The buildings were not commercial establishments. They were used as housing accommodations. It was admitted that cold drinks were sold in one house and that one of the parties in another house had a dressmaker's form, and took in sewing; but the fact still remains that the parties resided in the houses. Appellants made no attempt to establish a predominant use of the premises as business property. There is no evidence that the appellants made any attempt to divide the property as to business and residential use.

The passage of the city ordinance did not necessarily make all the buildings within the zoned area business property. The burden was on the appellants to prove that their property was being used as such, which burden they failed to carry. The court below did not err in finding that appellants violated the act and the regulations, and in ordering restitution to the tenants of overcharges made against them. The judgment appealed from is

Affirmed.