## ROOKS v. WOODS, Housing Expediter.

### No. 13350.

United States Court of Appeals,
Fifth Circuit.

June 18, 1951.

Joe Creel, Miami, Fla., for appellant.

Cecil H. Lichliter, Litigation Atty., Benjamin Freidson, Spl. Litigation Atty., Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, and Francis X. Riley, Litigation Atty., OHE, all of Washington, D. C., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought as Feinberg's case [1] was, under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended,[2] the suit was for restitution of rent overcharges on apartments in Miami, Florida, and for treble damages.

The defense raised, by motion to dismiss for failure to negative it, and affirmatively in their answer, was that under the provisions of Sec. 1.(b) (6) [3] of the governing rent regulation, the apartments were exempted from rent control.

The motion to dismiss was denied, and the cause was fully tried on the tendered issue, whether the apartments were, within the meaning of Sec. 1.(b) (6), customarily rented or occupied on a seasonal basis prior to Nov. 1, 1943.

There were findings of fact that the housing accommodations were not customarily rented on a seasonal basis prior to November 1, 1943, by the defendant, and a conclusion of law that though the defendant's act was not willful and damages should not be assessed against her, she should be required to refund the overcharges.

Appellant is here complaining that the court erred in denying her motion to dismiss and in finding against her on the facts.

We do not think so. While we are of the clear opinion that the burden was upon the appellant to plead and prove that the property in question was within the claimed exemption, we are of the further opinion that the issue having been raised by the pleadings and fully developed in the proof, the only question for our determination is whether the findings and judgment must be affirmed as supported by the evidence, or reversed as clearly erroneous.

We find no rational basis for disturbing the findings. Feinberg v. White, 5 Cir., 173 F.2d 585; Smith v. Woods, 5 Cir., 178 F.2d 467; Barnes v. Bowles, 5 Cir., 157 F.2d 790; City of Orange v. Fidelity & Deposit Co., 5 Cir., 180 F.2d 369. The judgment is

Affirmed.

1. Feinberg v. White, 5 Cir., 173 F.2d 585.

2. 50 U.S.C.A.Appendix, § 925(e).

3. Sec. 1.(b) (6). "Housing to which this regulation does not apply. This regulation does not apply to the following. * * * Winter resort housing. Housing accommodations located in a resort community and customarily rented or occupied on a seasonal basis prior to Nov. 1, 1943, which were not rented during any portion of the period beginning on June 1, 1946, and ending on Sept. 30, 1946. This exemption shall be effective only from Oct. 1, 1946, to May 31, 1947, inclusive."