40

## UNITED STATES v. ALLRED.
### No. 29909.

United States District Court,
N. D. California, S. D.
April 4, 1952.

Sidney Feinberg, Laurance I. Dodge, San Francisco, Cal., for plaintiff.

Jack C. Small, San Francisco, Cal., for defendant.

HARRIS, District Judge.

This is an action brought by the United States against defendant Allred for injunction, restitution and treble damages.

Defendant, formerly the owner of certain premises which are involved in the case at bar, collected moneys in excess of the ceiling rent from a number of her tenants. Prior to trial, defendant negotiated with all but two of her tenants in effecting a "settlement and compromise and an accord and satisfaction."

There is no dispute as to the overcharges imposed by defendant. Certain discrepancies have been clarified by stipulation. The sole question for the Court's decision is one of law, namely, the effectiveness of the releases obtained by defendant in absolving her from liability toward the government with respect to the amounts collected from the tenants signing the releases.

Section 205 of the Housing and Rent Act of 1947 as amended, Public Law 31, 81st Congress,[1] conferred jurisdiction upon this Court at the time the instant action was commenced on July 21, 1950. 50 U.S. C.A.Appendix, § 1895.

It is the government's position that the section imposes only two limitations upon the bringing of an action against a landlord who collects overcharges:

1. "Section 205. Suit to recover such amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation; Provided, That if the person from whom such payment is demanded, accepted, or received either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may institute such action within such one-year period."

(1) If such action is instituted, the person from whom such payment is demanded, accepted or received shall thereafter be barred from bringing an action for the same violation or violations.

(2) A judgment in an action under this Section shall be a bar to a recovery under this Section in any other action against the same defendant on account of any violation with respect to the same person prior to the institution of the action in which such judgment was rendered.

■ It would appear that Congress did not intend to include partial or complete refunds for overcharges as a means of barring suit by the government. Authorities are lacking on this particular question, although United States v. Grubl, 9 Cir., 186 F.2d 470, suggests that releases are not tenable as a defense. On the other hand, Butler v. Krizan, D.C., 88 F.Supp. 692, 696, holds that releases, supported by sufficient consideration, are a defense in a suit brought by individual tenants against a landlord.

Numerous cases which have arisen under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., hold that voluntary refunds of overcharges do not constitute a bar to suit by the government. See Gilbert v. Thierry, D.C.Mass., 58 F.Supp. 235, affirmed at 1 Cir., 147 F.2d 603; East v. Bowles, 5 Cir., 158 F.2d 227; Bowles v. Leventhal, D.C., 61 F.Supp. 144; Trachtman v. Samit, D.C., 62 F.Supp. 176; Bowles v. Ammon, D.C., 61 F.Supp. 106

Similarly, in cases arising under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., courts have held that failure to comply with minimum wage requirements exposed the violator of the law to suit regardless of an attempt to settle with the aggrieved employees. B. A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114. The reasoning behind this line of decisions is that public policy demands strict compliance with the law on behalf of the class of persons for whom the law was enacted.

By parity of reasoning, those principles which have been invoked in the Fair Labor Standards cases should apply to tenants exploited by landlords in overcrowded housing areas.

■ In the instant case defendant presented no evidence of having paid the actual amount of overcharges to the several tenants. Despite the fact that they signed releases which were allegedly supported by "a valuable consideration" the Court finds that the releases were not supported by any consideration and were a mere device to circumvent the law.

Accordingly, It Is Ordered that judgment be entered in favor of plaintiff and against defendants in the amount of $1,000.86 as restitution to the tenants and $479.05 as damages to plaintiff, together with injunction and costs. Plaintiff to prepare Findings of Fact and Conclusions of Law in accordance with this Opinion.