RAMÓN SEPÚLVEDA ET AL., Plaintiffs and Appellants, v.
ÁNGEL MEJÍAS ET AL., Defendants and Appellees.

No. 12875.   Decided November 30, 1962.

*Héctor Lugo Bougal* and *Carlos J. Irizarry Yunqué* for appellants. *Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco, Hernán G. Pesquera,* and *Vicente Santori Coll* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

On August 24, 1956 a Ford truck, license plate H-83-099, driven by Manuel Rodríguez Vélez, ran over Ramón Sepúlveda, causing his death. The parents of the deceased filed action for damages and alleged in the complaint that the truck belonged to "Ángel Mejías and/or Manuel Rodríguez Vélez" and that at the time of the accident "it was insured with the Royal Indemnity Company and/or Transcontinental Insurance Co., represented by San Miguel y Cía., Inc." Both insurance companies filed answer and denied that at the time indicated they had issued or had in force any policy to answer for the damages caused in the operation of said truck. Defendant Ángel Mejías denied being the only owner of the vehicle; the other codefendant failed to appear and plead, for which reason his default was entered.

After plaintiff introduced his evidence on December 9, 1957 tending to establish the existence of an insurance contract to answer for the damages caused, the defendant insurance companies requested the dismissal of the complaint as to them. In open court the trial court indicated that "there is no way to determine that on August 24, 1956 there existed an insurance to cover the damages caused by the vehicle object of the present action," and consequently, it ordered the dismissal requested. (Tr. Ev. 153–154.) On December 23 following the corresponding judgment was rendered dismissing the complaint as to the Transcontinental Insurance Co. only (Tr. Ev. 87). An appeal was taken from this judgment.

However, the suit continued and judgment was rendered on February 24, 1958 granting the complaint "as to Manuel Rodríguez Vélez and dismissing it as to defendants Ángel Mejías and Royal Indemnity Co., the action against the Transcontinental Insurance Co. being dismissed." [1] An appeal

---

[1] In the findings of fact and conclusions of law (Tr. Ev. 108–109 and 110) the court reiterated that at the time of the accident no policy had been issued covering the damages claimed.

was taken but it was dismissed by a decision entered by this Court on May 23, 1958 in appeal No. 12492.[2]

It is unnecessary to decide whether the judgment rendered on December 23, 1957 was final and one from which an appeal could be taken.[3] The only error assigned by the appellant alleges that the court should not have dismissed the complaint as to the insurance companies because there is sufficient evidence in the record to show the existence of an insurance contract. We have carefully examined the transcript of the testimony given at the trial and the documentary evidence admitted, and weighing the same in the fashion most favorable to plaintiffs, it merely shows the possibility—quite remote—that the Royal Indemnity Co. might have issued a policy in favor of Ángel Mejías at the time of the accident and that it covered—even more remotely—the damages caused by the truck which intervened in the accident. But actually there is not the slightest scintilla of evidence tending to establish in any way the existence of a policy issued by Transcontinental Insurance Co. Since the judgment from which this appeal was taken exclusively exonerated Transcontinental Insurance Co. and in no way refers to the Royal Indemnity Co., the frivolity is evident.

The judgment rendered by the Superior Court, Ponce Part, on December 23, 1957 will be affirmed.

---

[2] The dismissal was due to the fact that the notice of appeal was filed at the expiration of the 30-day term fixed by § 295 of the Code of Civil Procedure, 32 L.P.R.A. § 1281, and to the lack of notice on defendant Manuel Rodríguez.

[3] Compare Rule 54(b) of 1943 and Rule 44.2 of 1958; see *Dalmau* v. *Quiñones*, 78 P.R.R. 525 (1955); *Rieder* v. *Torruella*, 48 P.R.R. 846 (1935); *Pabellón* v. *Grace Line*, 191 F.2d 169 (C.A. 2, 1951); *Western Contracting Corp.* v. *National Surety Corp.*, 163 F.2d 456 (C.C.A. 4, 1947); 6 MOORE, Federal Practice, § 54.23[4] (2d ed.); 3 BARRON AND HOLTZOFF, Federal Practice and Procedure, § 1193.